# Louisville & Nashville Railroad Co. v. Reese.

*Action against Railroad Company, for Damages caused by Sparks from Locomotive.*

1. *Damages caused by fire from sparks emitted from engine.*—A railroad company is not necessarily liable for damages caused by fire, merely because the fire originated from sparks emitted from a running locomotive on its road ; but proof of that fact raises a presumption of negligence, (1) in the construction of the engine, (2) the appliances used to prevent accidents from the escaping sparks, or (3) the management of the engine and appliances, and casts on the railroad company the *onus* of showing the use and due management of proper appliances and engine.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JNO. P. HUBBARD.

This action was brought by Albert Reese, against the appellant corporation, to recover damages for injuries caused

by fire, which was charged to have originated from sparks emitted from an engine running on the defendant's railroad track; and was commenced on the 16th October, 1886. The cause was tried on issue joined on the plea of not guilty, and resulted in a verdict and judgment for the plaintiff, for $40. On the trial, as the bill of exceptions shows, it was proved that the injury was done on the 19th September, 1886; and the plaintiff adduced evidence tending to show that the fire originated from sparks emitted from a passing engine on the defendant's road. The fire spread over the defendant's land for some distance, destroying the undergrowth, timber, &c. As to the extent of the damage done, the evidence was conflicting; but no question is here raised as to this evidence. The defendant introduced one Barrett as a witness, "who was the foreman in defendant's machine shop in Mobile, and whose special duty it was to look after boilers, smoke-stacks, spark-arresters and ash-pans on the defendant's engines." This witness testified, "that on the 19th September, 1886, all the engines on defendant's road were provided with spark-arresters, made of steel wire, with the meshes therein exactly one-twelfth of one inch square, and all securely fastened in each smoke-stack; that no coal or cinders larger than one-twelfth of an inch could pass through these arresters, unless it was needle-shaped; that these spark arresters were such as were in use by standard railroads throughout the country, and were regarded as the best in use; that he did not himself personally inspect the engines after each trip they made, but a man was appointed for that purpose, who reported to him, and he only examined an engine thoroughly after it was reported out of repair; that the spark-arresters in use by defendant would last from three to twelve months; that he did not know what engine was attached to the train on the day of the fire, and did not know that he had ever inspected it in person; that he only inspected when a report was made to him that an engine was out of order, and had made no personal inspection of any engine for a long time past; and that he knew nothing about the condition of the engine, other than is above stated. This was all the evidence in relation to the condition of the defendant's engines on said 19th September, 1886."

On this evidence, the defendant asked the following charges in writing, and duly excepted to their refusal: (1.) "If the jury believe the evidence, they must find for

[Louisville & Nashville R. R. Co. v. Reese.]

the defendant." (2.) "The burden of proof is on the plaintiff to show that the fire was caused by the negligence or want of care of the defendant; and evidence tending to show that the fire was caused by sparks escaping from defendant's engine, without evidence tending to show that such escape of fire was the result of negligence on the part of the defendant, is not sufficient to enable plaintiff to recover." (3.) "The defendant is authorized by law to use steam engines in propelling its cars over its road, and to use fire for generating steam, and it is not liable for damages resulting from the reasonable exercise of this right; and if the jury find from the evidence that there is no evidence of negligence, unskillfulness or maliciousness on the part of the defendant, other than the mere fact that fire was seen near the railroad shortly after defendant's train had passed, and that other fires had occurred at other times in the same way, then the jury must find for the defendant." (4.) "The mere fact that, after the passage of a train, dry grass and other combustible materials were discovered on fire along the line of the defendant's road, is not, of itself, evidence of negligence on the part of the defendant." (5.) "The negligence of the defendant will not be presumed, even if the jury believe from the evidence that the alleged fire was caused by sparks escaping from defendant's engine." (6.) "If the jury believe from the evidence that all of the engines on the defendant's road are provided with spark-arresters of the most approved pattern, and such as are in use by railroad companies generally; then, if the jury find from the evidence that there is no evidence tending to show that the spark-arrester on defendant's said engine was out of order, and that there is no evidence tending to show any unskillfulness or negligence in the management of said engine, they must find for the defendant." (7.) "If the jury believe from the evidence that, on the 19th September, 1886, about ten minutes after a train had passed on defendant's road, the plaintiff discovered a fire on his premises, near the railroad; and if the jury believe that no other evidence of defendant's negligence has been shown, except that about one year before it was shown by plaintiff that a fire was communicated, not far from the same place, by one of the defendant's locomotives, and the further fact that it was testified that, on any night, fire could be seen escaping from the defendant's engines, if the jury find these to be facts from

the evidence; then, under this state of facts, plaintiff is not entitled to recover."

The refusal of each of these charges is assigned as error.

JONES & FALKNER, for appellant, cited *P. & R. Railroad Co. v. Schultz*, 2 Amer. and Eng. R. R. Cases, 271, note; *L. & G. R. Railroad Co. v. Cook*, 18 Kans. 261; *Gandy v. C. & N. E. Railroad Co.*, 30 Iowa, 420; 11 Bradw. Ill. 348; 33 Iowa, 187; 73 Ill. 526; 21 Amer. R. R. Rep. 1; 34 Ohio St. 96; 8 Hun, N. Y. 599; 28 Mich. 244; 37 Mo. 287; 15 Conn. 124; 8 Penn. St. 366; 27 Geo. 481; 73 Penn. 121; 31 Ind. 141.

J. C. RICHARDSON, and John Gamble, *contra*, cited *Woods v. Railway Co.*, 21 Minn. 60; *Carson v. Railway Co.*, 29 Minn. 12; *Burke v. Railway Co.*, 7 Heisk. Tenn. 451; *Simpson v. East*, 5 Lea, Tenn. 456; *Brown v. Railroad Co.*, 19 So. Car. 29; *Fitch v. Railroad Co.*, 45 Mo. 322; *Case v. Railway Co.*, 59 Barb. 644; *Railroad Co. v. Westover*, 4 Nebr. 268; *Bass v. Railroad Co.*, 28 Ill. 9; *Railroad Co. v. Montgomery*, 39 Ill. 336; 42 Ill. 407; 70 Ill. 245; 60 Mo. 227; 61 Mo. 39; 33 Mo. 582; 45 Mo. 322.

CLOPTON, J.—On the trial of this action, which was brought by appellee, to recover for injuries suffered by the escape of fire from an engine, the defendant requested the court to charge the jury, that the burden of proof is upon plaintiff to show that the fire was caused by the negligence of defendant, and that evidence tending to show that it was caused by sparks from defendant's engine, without evidence tending to show that such escape of fire was the result of negligence on the part of defendant, is not sufficient to entitle plaintiff to recover. The defendant also requested the court to further instruct the jury, that the negligence of defendant will not be presumed from the mere fact that the fire was caused by sparks escaping from defendant's engine.

On the question presented by these charges, the authorities are in manifest and decided conflict.

Many of them, probably the greater number, maintain the rule, that an inference of negligence does not arise from the mere fact of fire being communicated by a passing locomotive, and that the *onus* is on the plaintiff to prove, in addition to the origin of the fire, some positive act of negligence on the part of defendant, or circumstances tending to

show a want of due care. The following authorities may be cited as sustaining this doctrine: *Gandy v. Chic. & N. W. R. R. Co.*, 33 Iowa, 420; *Phil. & Read. R. R. Co. v. Ferger*, 73 Penn. St. 121; *Ind. & Cin. R. R. Co. v. Paramore*, 31 Ind. 143; *McCaig v. Erie Railway Co.*, 9 Hun, 599; 1 Whart. Ev. § 360; 13 Amer. & Eng. R. R. Cases, note, 488. The most cogent reasons given for the support of this rule are, that a railroad company, which is authorized by law to operate its trains by steam, is not an insurer against accidents by fire, and is not liable for injuries caused by the use of fire in generating steam, if the right is exercised in a lawful manner, and with reasonable care and skill; and the owner of adjacent property assumes all risks incident to a lawful and proper use of the road; that negligence is the gist of the liability, without proof of which an action can not be maintained; and by the general rule, in actions founded on negligence, the plaintiff must aver it, and the burden of proof rests upon him; and in no case does the mere fact of injury prove negligence.

The converse rule is, that proof of the mere fact that property was destroyed or damaged by fire, having escaped from a passing engine, is *prima facie* evidence of negligence in the construction and management of such engine, and casts on the defendant the burden to rebut the presumption. The following authorities may be cited as sustaining this rule: *Bur. & Mo. R. R. Co. v. Westover*, 4 Neb. 268; *Carson v. Mil. & St. Paul Railway Co.*, 29 Minn. 12; *Ill. Cen. R. R. Co. v. Mills*, 42 Ill. 407; *Coats v. Mo., Kan. & Tex. Railway Co.*, 61 Mo. 38; *Burke v. L. & N. R. R. Co.*, 7 Heisk. 451; *Case v. North Cen. Railway Co.*, 59 Barb. 644; *Spaulding v. C. & N. W. R'y Co.*, 30 Wis. 110; Sher. & Red. Neg. § 333; 38 Amer. Dec., note 71; 1 Thomp. on Neg. 153. These decisions base the rule mainly upon the necessity of the case. The argument is clearly and forcibly stated by Dixon, C. J. in *Spaulding v. C. & N. W. Co.*, *supra*. After observing that it is the duty of railroad companies to employ all due care and skill in the construction of their engines, to prevent injury to the property of others by the escape of fire therefrom, he says: "The reasons given for requiring the companies to show that this duty has been peformed on their part, are, that agents and employees of the road know, or are at least bound to know, that the engine is properly equipped to prevent fire from escaping, and that they know whether any

mechanical contrivances were employed for that purpose, and if so, what was their character; whilst, on the other hand, persons not connected with the road, and who only see trains passing at a high rate of speed, have no such means of information, and the same is inaccessible to, and can not be obtained by them, without great trouble and expense."

It is an exception to the general rule, that a mere damage or destruction by fire does not, of itself, authorize an inference of negligence. The soundness and justice of the exception, in cases of fire caused by steam-engines, may be rendered apparent by observing its qualification and operation. We do not understand, that in actions for injuries caused by negligent escape of fire from a railroad engine, it operates, or is intended to abrogate or modify the general rule, which makes it incumbent on the plaintiff, in the first instance, to establish a *prima facie* case, or to devolve on the defendant the burden of doing more than disproving the *prima facie* case shown by the plaintiff. Railroad companies, being authorized to employ the powerful and dangerous agency of steam, are required by law to use due and reasonable care to prevent injury to the property of others; as has often been said, a high degree of care. Reasonable care, however, does not require the adoption of every new invention or contrivance, which science may or can suggest, as to the utility of which men equally skilled may differ. They fulfill the measure of their duty, in this respect, by adopting such appliances and contrivances as are in practical use by well regulated railroad companies, and which have been proved by experience to be adapted to the purpose. When they have discharged this duty, they are not liable for accidental injuries caused by the escape of fire from their engines. The mere fact that a fire originated from sparks, emitted from an engine, is not sufficient to fasten a liability on the company, neither does the rule so operate. It is not a rule of liability, but of evidence. Though no mechanical contrivance has been invented, or is in use, which can effectually prevent the escape of fire from locomotives, at all times and under all circumstances, from which injury may result, experience has demonstrated that fire rarely escapes in such quantity or volume as to cause damage, when the engines are properly constructed, are supplied with the most improved appliances for preventing the escape of fire, and are managed with care. On the advanced progress in mechanical appliances, and the practical demonstra-

tion of their utility and efficiency, a reasonable inference may arise, when fire originates from sparks emitted by a locomotive in sufficient quantity or volume to occasion damage, that the engine is not properly constructed, or that it has not the improved appliances, or is not managed with care. When the inference is repelled by proof of the proper construction of the engine, and use of the proper appliances and careful management, the plaintiff can not maintain the action, without making proof of other negligence or want of care. The extent of the rule is, that injury caused by fire escaping from an engine is a circumstance, from which the inference of negligence in construction and management of the engine may be reasonably drawn; but negligence in no other respect. It is the application of the general principle, that presumptive evidence is founded on the connection, which experience has demonstrated to exist, between the facts proved and the facts intended to be proved. We think the rule, that the destruction or damage of property by fire escaping from a railroad engine raises an inference of negligence, consisting in a defect in its construction, or in the appliances used, or want of due care in its management, a sound and just rule, and, as thus limited and qualified, will more effectually accomplish the protection of property and the ends of the law.

The same observations apply to all the charges requested by defendant. On the assumption that the fire originated from sparks emitted from the engine, they put on plaintiff the burden to show that the engine was not properly managed, or that the spark-arrester was not in good order, in view of the evidence that the spark-arresters used by defendant would last only from three to twelve months, and of the absence of proof that the particular engine had ever been inspected, and of the manner in which the engine was managed—facts peculiarly within the knowledge of defendant, with the means and opportunity of proof.

Affirmed.