# Alabama Great Southern Railroad Co. v. Taylor.

*Action against Railroad Company to recover Damages caused by Sparks from Locomotive.*

1. *Action against railroad company for damages by fire; sufficiency of complaint.*—In an action against a railroad company to recover damages for the destruction of plaintiff's house by fire, a complaint which, after alleging that the defendant operated a railroad near the plaintiff's house, then alleges that plaintiff's house was destroyed by fire, which "was communicated to plaintiff's said building from an engine or locomotive operated by the defendant, * * * and said fire was caused by the negligence or carelessness of the defendant in operating or running said locomotive," sufficiently states a cause of action, and is not subject to demurrer upon the ground of uncertainty and indefiniteness in its allegations of negligence.

2. *Same; evidence; when report made by engineer not competent evidence, although written demand made therefor.*—In an action against a railroad company to recover damages re-

[Alabama Great Southern Railroad Co. v. Taylor.]

sulting from fire alleged to have been caused by the negligent escape of sparks from the defendant's locomotive, the report of the engineer in charge of the engine alleged to have caused the fire, made to the defendant after the fire, is not *prima facie* relevant and admissible in evidence; and the fact that such report may have been used to contradict the engineer, if he had denied its contents, does not bring it within the statute, (Code, § 1859), which provides for compelling, upon proper notice, the production of writings "pertinent to the issue."

3. *Action against railroad company to recover damages by fire alleged to have been caused by sparks emitted from a locomotive; burden of proof.*—In an action against a railroad company to recover damages resulting from fire alleged to have been caused by the negligent escape of sparks from a locomotive running on the defendant's road, proof by the plaintiff that the fire was caused by sparks emitted from a locomotive running on the defendant's road, raises a presumption of negligence against the defendant, and places upon it the burden of showing that the engine alleged to have caused the fire was properly constructed, was equipped with approved devices and appliances to prevent the escape of sparks, was in good repair and prudently managed and controlled; and upon proof of these facts by the defendant, the presumption arising from the mere communication of fire is rebutted, and the plaintiff can not maintain an action without making further proof of specific acts of negligence or want of care on the part of the defendant.

4. *Same; same; when question for court or jury.*—In an action against a railroad company to recover damages for the destruction of a corn crib by fire, alleged to have been caused by the negligent escape of sparks from a locomotive running on the defendant's road, where the evidence for the plaintiff tends to show that the fire originated from sparks emitted from the engine of the defendant, but there is no evidence of actual negligence or want of care on the part of the defendant or its employés, and the evidence for the defendant shows that the engine from which the sparks were emitted was properly constructed, was equipped with approved appliances to prevent the escape of fire and sparks, was in good repair and properly managed and controlled, the general affirmative charge should be given at the request of the defendant.

5. *Same; same; same.*—In such a case, the mere fact that the house of the plaintiff which was burned was fifty-six yards from the center of the track and from passing engines, does not, of itself, afford any evidence of actual negligence either

in the construction or equipment of the engine or its handling,. in the absence of evidence as to what distance a properly equipped and skillfully managed engine, under similar at-- mospheric conditions would throw sparks; but where wit- nesses for the defendant, who testified to the proper con- struction, equipment and management of the engine in ques- tion, further testified that in their opinion, from an engine properly ·constructed, equipped and managed, fire could not. have escaped as far as plaintiff's building, there is ground for an adverse inference which requires the submission of the question of negligence to the determination of the jury, making it improper to give the general affirmative charge re- quested by the defendant.

6. *Same; same; charge to the jury.*—In such a case, a charge which asserts in effect that there was no evidence tending to show want of proper care on the part of the defendant, is properly ·refused as being calculated to confuse the jury.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. JOHN C. ANDERSON.

This action was brought by the appellee, Mary E. Taylor, against the Alabama Great Southern Railroad Company. The complaint contained two counts, which were in words and figures as follows: 1. "The plaintiff claims of the defendant seventy-five dollars. damages, which damages were caused by fire from the engine operated by defendant, whereby said sum of seventy-five dollars damages were caused by said defendant to said plaintiff by reason of said fire, whereby said plaintiff's corn crib or building was wholly destroyed, all caused by the negligence of defendant, and by rea- son of said fire said plaintiff was damaged to the amount of said sum of seventy-five dollars, wherefore plaintiff brings this action." 2. "The plaintiff claims of the defendant the further sum of seventy-five dol- lars damages for that whereas, on, to-wit, the 12th day of May, 1899, the defendant was engaged in running or operating a steam engine or locomotive on its track in Greene county, Alabama; and the plaintiff owned a corn crib or building at or near Hairston in said Greene county, Alabama, which corn · crib or building was totally destroyed by fire, which fire was communicated to plaintiff's said building or corn crib from the negine or locomotive operated by the defendant, whereby said

sum of seventy-five dollars damages was caused by said defendant to said plaintiff by reason of said fire, all caused by the negligence or carelessness of the defendant in operating or running said engine or locomotive, wherefore plaintiff brings this suit."

To each of these counts the defendant demurred upon the ground that each count was indefinite and uncertain in that it fails to allege wherein the defendant was negligent or careless in the operation or running of its engine. This demurrer was overruled. Trial was had upon the issue joined upon the plea of the general issue.

It was shown by the evidence that the corn crib which was burned and which belonged to the plaintiff was 56 yards and 6 inches from the defendant's railroad track; that the corn crib was discovered to be on fire a few minutes after the passenger train on the defendant's road passed.

The evidence for the plaintiff tended to show that at the time the train of the defendant passed along the road near the corn crib, the wind was blowing in the direction from the road towards the corn crib; that within five or ten minutes after the train had passed a fire was discovered on top of the corn crib; that this was about 9 o'clock in the morning, on May 5, 1899; that at that time there was no fire in any of the houses near the corn crib; that the nearest house in which there could have been a fire was a blacksmith shop, which was 220 yards away from the corn crib, but that there was no fire in the shop at this time. That it was very dry, and the corn crib was an old building, covered with shingles; that there was no fire anywhere about the corn crib, and when the fire was discovered it was on top of the crib. It was further shown that the station where the corn crib was located was called Hairston, which was a flag station, at which trains did not stop except when flagged; that upon the morning when the corn crib was burned the passenger train referred to was flagged at this station and stopped. The place where the train stopped was over 200 yards from the corn crib, in the direction in which the train was going.

The defendant introduced as witnesses the engineer and fireman who were on the engine that was drawing the passenger train which passed the plaintiff's corn crib on the morning in question, and the master mechanic on the defendant's road, and the inspector of engines at the defendant's shops in Birmingham. All of these witnesses testified that the engine was equipped with the latest approved and improved spark arresters, devices and appliances to prevent the escape of sparks from the said engine; that they had examined the engine in question the day the plaintiff's corn crib was burned and they had found the engine in perfect condition in every respect; that it was better equipped so far as proper devices and appliances for preventing the escape of sparks was concerned than engines were generally upon well regulated roads. These witnesses also testified that with such appliances they did not think a fire could be communicated to a building 56 yards from the defendant's track.

Before entering upon the trial plaintiff served notice upon the defendant to produce in court on the tral the written report of B. H. O'Brien, who was the engineer on said engine, as to whether or not the passenger train drawn by his engine stopped at Hairston on the morning the corn crib was burned. Upon the cross-examination of said O'Brien as a witness, and after he had testified that he had made such written report, and that it was then in the hands of defendant's counsel, the attorneys for plaintiff demanded that such written statement be given to them. Defendant objected to being required to furnish such statement upon the ground that no sufficient demand had been made, and that the same was illegal, irrelevant and immaterial evidence. The court overruled the objection, required the written report to be furnished to plaintiff's counsel, which report was then read by plaintiff's counsel to the jury. To these rulings the defendant separately excepted.

The court in its oral charge, among other things, instructed the jury as follows: "If the jury believe from the evidence that the crib in question was ignited by sparks emitted from the engine of the defendant, and

that the crib was situated at a distance of 56 yards and 6 inches from the track of the railroad, then they would be authorized to find for the plaintiff, unless the fire could have been extinguished and all danger prevented by due diligence on the part of John R. Taylor after he discovered the fire." The defendant separately excepted to the giving of this portion of the court's oral charge, and also separately excepted to the court's giving, at the request of the plaintiff, the following written charge: (1.) "If the jury believe from the evidence that the corn crib described in the complaint was destroyed by fire emitted from a locomotive of the defendant, then the jury must find for the plaintiff, unless they believe from the evidence that the plaintiff, after discovering the fire, by due diligence, could have put out the fire and saved the property from destruction."

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence in the case, they should find for the defendant." (7.) "The negligence of the defendant in the use and management of the train and the appliances for the prevention of accidental fires, will not be presumed, even if the jury believe from the evidence that the alleged fire was caused by sparks escaping from the defendant's engine." (9.) "The defendant is authorized by law to use steam engines in propelling its cars over its road, and to use fire for generating steam; and it is not liable for damages resulting from the reasonable use or exercise of this right; and, if the jury believe from the evidence, that there is no proof of negligence on the part of the defendant, in the use of its machinery, or appliances, the plaintiff can not recover in this case, unless the jury is satisfied from the evidence in this case, that the engine in question was not supplied with suitable machinery and appliances, in use by well regulated railroad companies for the prevention of accidents from fire; or, for the emission of sparks from the engine." (10.) "I charge you, gentlemen of the jury, that if you believe from the evidence in this case that the engine in question at the time of the accident was supplied with the most approved appliances and devices for the prevention of fires, in use by well regulated rail-

road companies in this country, and that such appliances were well managed, and handled by the servants in charge thereof at the time, and there was no negligence upon the part of the defendant by which said fire was communicated to the building in contest here, at or near the said building, then it is your duty to find for the defendant." (11.) "I charge you as a matter of law that there is no evidence in this case tending to show the defendant's engine was not supplied with approved machinery for the prevention of fires; or any evidence tending to show that there was any negligence, or want of due care, upon the part of defendant's servants, at or near the said accident, tending to show that the said engine and appliances and engine and train were not handled or managed carefully, and with proper care; and, therefore, your verdict should be for the defendant."

There were verdict and judgment for the plaintiff, assessing her damages at $50. From this judgment the defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reversed.

DANIEL COLLIER, for appellant, cited *L. & N. R. R. Co. v. Reese*, 85 Ala. 497; *L. & N. R. R. Co. v. Malone*, 109 Ala. 506; *L. & N. R. R. Co. v. Marbury Lumber Co.*, 125 Ala. 237.

DEGRAFFENRIED & EVINS and JOHN McKINLEY, *contra.*

The demurrer interposed by appellant in the lower court was properly overruled, as a general averment of negligence is sufficient.—*L. & N. R. R. Co. v. Miller*, 109 Ala. 505; *Stanton v. L. & N. R. R. Co.*, 91 Ala. 384; *L. & N. R. R. Co. v. Thompson*, 62 Ala. 494; *Western R. R. Co. v. Lazarus*, 88 Ala. 456; 9 Ency. Pl. & Pr., p. 1, and authorities cited.

The court properly granted the motion made by plaintiff's counsel for the production of the written report of the engineer.—Code, § 1859; *Badders v. Davis*, 88 Ala. 367.

The fact that the crib was set on fire by appellant's engine may be shown by circumstantial evidence. The evidence may be wholly circumstantial as (1) that it was

possible for fire to reach plaintiff's property from defendant's engine; (2) facts tending to show that it probably originated from that cause and no other.—8 Amer. & Eng. Encyc. Law (1st ed.), pp. 7 and 8 and note 1; 5 Rapalje & Mack Dig. R. R. Law, 911, § 213 and authorities cited; *Gulf, C. & S. F. R. R. v. Holt*, 11 Amer. & Eng. R. R. Cas. 72; *Lake Erie & W. R. Co. v. Helmerick*, 29 Ill. App. 270; *Marvin v. Chicago, M. & St. P. R. R. Co.*, 45 A. & E. R. R. Cas. 540; 79 Wis, 140; *Jones v. Mich. C. R. R. Co.*, 59 Mich. 437; *L. & N. R. R. Co. v. Malone*, 109 Ala. 515.

SHARPE, J.—The complaint was not subject to the demurrer.

The report made to the defendant by its engineer was *prima facie* not evidence for either party.—*Culver v. Ala. Mid. R. Co.*, 108 Ala. 330. That it might have been used to contradict the engineer if he had denied its contents did not bring it within section 1859 of the Code which provides for compelling the production of writings "pertinent to the issue."

Apparently in giving and refusing instructions to the jury the trial court proceeded on the theory that the fact, if established, that defendant's engine communicated fire to the plaintiff's building was sufficient to fix upon the defendant the charge of negligence conclusively. Such a conception is, in view of the evidence, at variance with principles declared by this court.

In actions of this kind the communication of fire to the property of another by an engine of a defendant railroad company is, when nothing appears to the contrary, presumed to have been the result of negligence on the part of the defendant. The presumption so arising is not a conclusive one so as to preclude the defendant to rebut it, nor does it take the place of actual evidence of negligence further than to cast upon the defendant the burden of showing by evidence that at the time of the occurrence it was in the exercise of ordinary care in respect to the construction, equipment and management of the engine. When by proof it has so repelled the presumption the burden shifts to the plaintiff, who must go forward anew with actual evi-

dence to disprove that of the defendant, either directly or inferentially, by showing that a carefully constructed, equipped and managed engine would not have set fire to the property  When there is no evidence of negligence other than that supplied by the presumption referred to and the presumption has been to its full extent repelled by undiscredited evidence, the jury should find for the defendant, if they believe the evidence, and the court should so charge if requested in writing to do so, The reason for these rules have been several times given by this court and need not be repeated here.  See *L. & N. R. R. Co. v. Reese*, 85 Ala. 497; *L. & N. R. R. Co. v. Malone*, 109 Ala. 507; *L. & N. R. R. Co. v. Marbury Lumber Co.*, 125 Ala. 237.

The effect spark arresting devices have in diminishing the flight of sparks is not a matter coming within ordinary experience and observation, and therefore the distance to which fire is communicated, does not of itself furnish evidence that the engine was not well equipped. *L. & N. R. R. Co. v. Marbury Lumber Co., supra.*

These considerations force the conclusion that there was error in giving the charge requested by the plaintiff and also in the refusal to give charge 10 requested by the defendant.

The oral instruction excepted to might have been understood as imputing negligence to the defendant alone upon the ignition of the building by sparks from the engine at a distance of fifty-six yards.

Witnesses for defendant testified to the proper construction, equipment and management of the engine in question, but the same witnesses gave as their opinion, based apparently on the capacity of good appliances to restrain sparks, that fire could not have escaped so far as the plaintiff's building.  From such evidence together with the fact, if found, that the building was actually fired by sparks so escaped, the logical inference would be that the engine was deficient in spark arresting devices, and that in testifying to the efficiency of the particular appliances the witnesses were mistaken. In this condition of the evidence, the question as to whether the presumption of negligence, if raised, had been successfully repelled, could not properly have been

withdrawn from the jury as was proposed by defendant's request for the general affirmative charge.

The remaining charges requested by defendant were properly refused. Charge 7 is bad in denying that negligence might be presumed though the fire was caused by escaping sparks. Charge 9 would pretermit inquiry as to management of the engine. Charge 11, which asserts in effect that there was no evidence tending to show a want of proper care, was calculated to confuse the jury and to cause them to ignore the evidential effect of the presumption in establishing negligence as well as some testimony having the same tendency.

The judgment must be reversed and the cause remanded.