[Louisville & Nashville Railroad Co. v. Sherrill.]

# Louisville & Nashville Railroad Co. v. Sherrill.

*Action for Damages for Destruction of Houses by Fire.*

(Decided July 2, 1907. 44 South. 631.)

1. *Railroads; Operation; Fires; Negligence.*—The evidence in this case examined and it is held that the question of the negligence of defendant in setting out the fire which destroyed the building was properly submitted to the jury for its determination.

2. *Same; Instructions.*—An instruction asserting that if the jury found from the evidence that the fire was discovered on top of an old, rotten and easily combustible shingled roofed building soon after defendant's engine passed by near such building, and that the engine, when passing, was emitting sparks in unusually large and dangerous quantities, the burden was on defendant to clear itself of all negligence, provided plaintiff's property was destroyed by fire emitted from the engine, was properly given.

3. *Same; Evidence; Emission of Sparks by Other Engines.*—A witness having testified that he saw one of defendant's engines passing through the village about thirty minutes before the fire and that the engine was emitting sparks in large quantities to a height from thirty to thirty-five feet above the smoke stack, it was competent to show by him that he had observed other engines of defendant just prior to the fire, and that they did not emit as many sparks as the engine in question.

4. *Witnesses; Bias; Evidence.*—It was permissible for plaintiff on cross examination to ask of one of defendant's witnesses what a detective of defendant had said to him about going to Hartselle, the location of the buildings destroyed by fire, for the purpose of showing bias or interest on the part of the witness.

5. *Appeal; Harmless Error; Instructions.*—Where there was no evidence of a defect in the engine, except in the spark arrester, and the evidence as to that was circumstantial, it was harmless error to give an instruction at the instance of plaintiff asserting that if plaintiff's property was destroyed by fire, emitted because of a defect in defendant's locomotive the jury should find for plaintiff although objectionable as failing to predicate the burning of the building caused by a defect in the engine.

6. *Trial; Instructions; Assumption of Facts.*—A charge asserting that if the jury believed from the evidence that plaintiff's property was destroyed by fire emitted from a negligently operated locomotive of the defendant, the jury must find for the plaintiff was not objectionable as assuming facts or that plaintiff should have a verdict.

7. *Same; Argumentative Instructions.*—Where a witness had testified that sparks were thrown to a height of from thirty to thirty-

five feet above the smoke stack of the locomotive, an instruction was properly refused as argumentative that asserted that if the witness guessed at the distance the jury could look to his other testimony and his manner of testifying, his intelligence as exhibited while testifying and his demeanor, to determine the weight to be given to his guess as his best judgment.

8. *Same; Ignoring Evidence.*—Plaintiff having offered evidence tending to show that the fire originated from sparks from the engine, a charge was properly refused as ignoring such evidence, which asserted that if defendant's engine was properly and carefully equipped with spark arresting appliances which were in good condition, the burden then shifted to plaintiff to prove that the sparks emitted actually set fire to the building.

9. *Same; Invading Province of Jury.*—A charge asserting that if the jury believed the evidence that the engine was not working, etc., is invasive of the province of the jury because of a failure to require that such belief should arise from the evidence.

APPEAL from Morgan Circuit Court.

Heard before Hon. E. B. ALMON..

Action by S. L. Sherrell against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed. For former report of this case, see 148 Ala. 1.

The nature and character of the action and the facts concerning the same are sufficiently stated in the opinion of the court. The following charges were requested by the plaintiff and given by the court: (1) "If you believe from the evidence that plaintiff's property described in his complaint was destroyed by fire, on or about November 12th, emitted from a defective locomotive of the defendant, then the jury must find for the plaintiff." (2) "If you believe from the evidence that plaintiff's property described in the complaint was destroyed by fire on or about November 12, 1901, emitted from a negligently operated locomotive of defendant, then the jury must find for the plaintiff." (5) "If the jury find from the evidence that the fire was discovered on top of an old, rotten and easily combustible shingled-roof building, soon after defendant's engine passed by near said building, and further find that said engine

when passing, was emitting sparks in unusually large and dangerous quantities, then the burden was on defendant to clear itself of all negligence, provided you find from the evidence plaintiff's said property was destroyed by fire emitted from said engine." (6) "If you believe from the evidence that defendant's engine No. 903 was deficient in spark-arresting appliances when it passed by plaintiff's property on the night in question, and that plaintiff's property was destroyed by fire emitted from said locomotive of the defendant because of such deficiency, then you must find for the plaintiff." (10) "If you believe from the evidence that plaintiff's property was destroyed by fire, and that said fire was the primary result of the negligence of defendant, either in not having proper appliances on its engines or, if it did have them, in not having them so adjusted as to prevent the escape of sparks of fire in unusually large quantities calculated to ignite combustible material, then the defendant is liable to the plaintiff, and you should so find." (11) "You are not bound to accept as conclusive the statements of defendant's witnesses to the effect that defendant's said engine was in good order, properly constructed, or carefully and skillfully operated, when it passed through Hartselle some few minutes prior to the discovery of the fire, although there be no direct evidence contradicting such statement."

The following charges were refused to the defendant: Charges A, B, C were the general affirmative charge and the affirmative charges as to counts 1 and A. (32) "If you believe from the evidence that the witness Nichols guessed at the distance 30 or 35 feet as the distance the sparks were thrown, then you can look to his other testimony, and his manner of testifying, his intelligence as exhibited while testifying, and his demeanor to determine the weight you will give to his said guess as his

[Louisville & Nashville Railroad Co. v. Sherrill.]

best judgment." (34) "If you believe from the evidence that the engine was properly and carefully handled by a competent engineer, that it was properly equipped with spark-arresting appliances, and that they were in good condition, then the law shifts back to the plaintiff the burden of proving that the sparks emitted actually set fire to the buildings, and, unless plaintiff so shows by the evidence to your reasonable satisfaction, your verdict should be for the defendant." (36) "I charge you that, if you believe the evidence that the engine was not working steam as it passed plaintiff's property, then it would not and could not throw sparks a distance of 30 or 35 feet." (37) "If you believe the evidence, I charge you that engine 903 was not working steam when it passed by the property of the plaintiff."

There was judgment for plaintiff, and defendant appeals.

John C. Eyster, and George W. Jones, for appellant. The court erred in admitting testimony as to the emission of sparks by comparison with other engines.— *L. & N. R. R. Co. v. Malone*, 109 Ala. 519; *L. & N. R. R. Co. v. Marbury*, 125 Ala. 259. The court erred in giving charge 5 to the plaintiff.—*A. G. S. R. R. Co. v. Taylor*, 129 Ala. 245. Charges A, B and C refused to defendant should have been given.—*Reese's Case*, 85 Ala. 502; *Malone's Case, supra; Marbury's Case, supra; Taylor's Case, supra*. Charge 34 should have been given on the authority of *A. G. S. R. R. Co. v. Taylor, supra*.

John R. Sample, and S. A. Lynne, for appellee. Appellant's assignment of error as to the admission of evidence is not sufficiently specific and particular.—2 Cyc. 990; *Clafflin v. Rodenburg*, 101 Ala. 213; *L. & N. R. R. Co. v. Banks*, 132 Ala. 471. In any event they

are without merit.—*Sherrill v. L. & N. R. R. Co.* in MS; *Bir. Ry. L. & P. Co. v. Hinton,* 37 South. 637. The court properly gave charge 2 for the plaintiff.—*A. G. S. R. R. Co. v. Taylor,* 29 South. 675; *L. & N. R. R. Co. v. Marbury,* 32 South. 746; *A. G. S. R. R. Co. v. Sanders,* 40 South. 403. On the same authorities charge 5 was properly given, as were charges 6 and 10. The court properly refused charges A, B and C requested by appellant. —*A. G. S. R. R. Co. v. Taylor, supra; L. & N. R. R. Co. v. Malone,* 109 Ala. 509; *McCullen v. Chicago Ry. Co.,* 49 L. R. A. 645.

DENSON, J.—Action in case to recover the value of a building and its contents, property of the plaintiff, which were destroyed by fire alleged to have been communicated to the building through the negligence of the defendant. There were several counts in the complaint, all of which were withdrawn except counts 1 and A; and the issues were made up with respect to these two. The cause was tried on the plea of the general issue.

Plaintiff's building was located east of the defendant's railroad in Hartselle, Ala., in a row with three other buildings, all of which fronted the railroad and were 75 feet from the track. Two of the houses belonged to one Echols, one to a man named Oden, and one to the plaintiff. The houses were close together, and stood in the row in the order named; plaintiff's building being north of the others. There was evidence tending to show that one of the Echols buildings was discovered to be on fire soon after the defendant's locomotive passed, between 1:30 and 2 o'clock a. m., going south; that sparks of unusual size and in unusual quantities were seen to escape from the engine at points not far from the four buildings, ascending from 30 to 35 feet above the smokestack; and that the fire originated in the roof of the

Echols building. All four of the buildings were totally destroyed. There was also evidence tending to show an absence of other probable causes of the fire, and that sparks emitted to a height of 30 to 35 feet above the smokestack of an engine will travel 100 feet and still remain alive, under the atmospheric conditions then existing. The evidence for the defendant tended to show that sparks of unusual size and in unusual quantities were not being emitted from the engine; that an experienced and competent engineer had charge of the engine, and that it was handled with care and skill; that the engine was in good condition, and that its appliances to prevent the escape of sparks were of approved patterns; further, that it would not be possible for an engine, equipped with spark-arresting apparatus, in proper condition and skillfully handled, going at the rate of 15 to 20 miles an hour (the rate the train in question was traveling), with the throttle closed, and not working steam, to throw sparks the distance of 30 or 35 feet above the top of the smokestack; and, still further, that if in proper condition an engine will not emit sparks to a greater height than 3 or 4 feet.

The case is not in any material respect dissimilar to that of *L. & N. R. R. Co. v. Malone,* 109 Ala. 509, 20 South. 33. Under the principle settled in that case, and in the cases of *L. & N. R. R. Co. v. Marbury Lumber Co.,* 125 Ala. 237, 28 South. 438, 50 L. R. A. 620, Id., 132 Ala. 520, 32 South. 745, 90 Am. St. Rep. 917, and *A. G. S. R R. Co. v. Taylor,* 129 Ala. 238, 29 South. 673, the court properly refused charges A, B and C, requested by the defendant.

Charge 32 was argumentative, and was properly refused.

Charge 34, it is insisted by counsel for the appellant, is in the language of this court employed in the opinion

in the case of *A. G. S. R. R. Co. v. Taylor, supra.* A casual inspection of the charge in connection with the opinion referred to will disclose the incorrectness of the insistence. . The burden of proof, referred to in that opinion as being shifted back to the plaintiff, was that of showing to the reasonable satisfaction of the jury that a carefully constructed, equipped, and managed engine would not have set fire to the property. Until there was evidence tending to show that the fire originated from sparks emitted from the engine, the defendant was not required to offer any proof at all. Such evidence had been offered by the plaintiff. The charge is inaccurate, and the court did not err in refusing it.

Refused charge 36, in omitting the word "from," is subject to the criticism that it is an invasion of the province of the jury.

Charge 37 is an invasion of the province of the jury, and is upon the effect of the evidence. True, the engineer testified that the engine was not working steam; but there was evidence that an engine not working steam would not emit sparks, and there was evidence that the engine did emit sparks from 30 to 35 feet above the smokestack. So whether or not the engine was working steam was clearly a question for determination by the jury.

There was evidence from which the jury had the right to infer that the spark arrester was not in good condition, and that it was not properly equipped nor handled; hence charges 38, 40, 41 and 42 were properly refused.

Other refused charges assigned as error by the appellant are not insisted on in the brief, and the points are therefore waived.

It is argued by appellant that charge No. 1, given for the plaintiff, pretermits inquiry as to whether or not

the defect in the engine contributed to the burning of plaintiff's building. The charge is misleading in this respect, and might very properly have been refused; but, construing it in connection with the evidence, we find there was no evidence which in the remotest degree tended to show a defect, except in the spark arrester, and even this was circumstantial. Therefore the court committed no reversible error in giving the charge.

Charge 2, given for the plaintiff, is criticised as assuming that plaintiff should have a verdict if the locomotive was negligently operated, whether such negligent operation had any connection with the communication of fire to the building or not. This, we think, is hypercriticism when the charge is construed as a whole and in connection with the evidence.

Charge 5 seems to be in accord with previous decisions of this court, and was properly given.—*L. & N. R. R. Co. v. Marbury Lumber Co.*, 125 Ala. 257, 28 South. 438, 50 L. R. A. 620; Id., 132 Ala. 520, 32 South. 745, 90 Am. St. Rep. 917; *A. G. S. R. R. Co. v. Taylor*, 129 Ala. 243, 29 South. 673. The charge may be misleading in the use of the word "all" before the word "negligence;" but this does not render the giving of it reversible error.

There were circumstances in the evidence which warranted the hypothesis stated in charges 6 and 10 given for the plaintiff, and the court committed no error in giving them.

Charge 11 was properly given. There were circumstances disclosed in the evidence from which the jury might have drawn an inference contrary to the testimony of the defendant's witnesses with respect to the equipment and management of the engine.

Other charges given for the plaintiff and embraced in the assignment of errors are not insisted on by the appellant as being erroneous.

This brings us to consideration of the rulings of the court on the admissibility of evidence. Witness H. E. Nichols, examined by the plaintiff, after testifying that he saw one of defendant's engines and a train pass through Hartselle about 30 minutes before the fire, that the engine was emitting sparks in large quantities to a height of 30 to 35 feet above the smokestack in a regular "sluice," that the sparks looked to be as large as the end of his finger, and that he had observed other engines just prior to the fire going through Hartselle, was asked by the plaintiff to state whether or not these engines were throwing as many or as great a quantity of sparks as this one did. Objection was made, because it was not attempted to show that said other engines were operated under like conditions and circumstances. The witness answered: "This one (engine) was throwing more sparks than the others I had noticed." When this case was here on a former appeal, in respect to this evidence and the point now presented, we said: "The emission of sparks from a locomotive in unusual and dangerous quantities and of unusually large size is evidence tending to show either that the locomotive was improperly constructed or that its appliances for arresting sparks are not in proper condition, or that it was improperly and negligently operated at the time. In cases of this sort, therefore, it is always competent to prove that the locomotive supposed to have thrown sparks upon adjacent property, and thereby set fire to it, was at the time of its passage emitting sparks in greater quantities and of larger size than are emitted by locomotives generally; and not only may a witness who has had opportunity for observation in this connection testify that the particular locomotive was emitting sparks in unusual quantities and of unusual size as compared with other engines, but he may testify that the locomotive in question

on that occasion was exceeding in these respects the emission of other locomotives passing the point about the same time. The question is quite different from that discussed in the cases of *Louisville & N. R. R. Co. v. Miller,* 109 Ala. 500, 19 South. 989, and *Louisville & N. R. Co. v. Malone,* 109 Ala. 509, 20 South. 33, where it was proposed to prove the communication of fire by sparks from engines on other occasions." It was held that the court erred in not admitting the testimony. When the case was tried after remandment, the court admitted the testimony.

We have inspected the original record, filed on the former appeal, and have been unable to discover any material difference in the facts or circumstances under which the testimony was offered on the first and second trials of the case; and, following the former opinion, we hold that the court properly admitted the evidence, and therefore that the appellant can take nothing by the grounds in the assignment of error presenting for review the rulings of the court in respect to questions propounded to witness Nichols calling for such evidence, nor by those presenting the rulings on motions to exclude the answers to the questions. It must be borne in mind, as was pointed out in the former opinion, that such evidence is addressed to the question of whether or not the engine was emitting sparks of unusual size and in unusual quantities. It would seem impossible to determine this question without comparison of the engine in question with others belonging to the same company. Indeed, a layman's knowledge can only be obtained by such comparison; and that the engine in question was emitting more sparks and in larger quantities than other engines of the defendant is recognized as legitimate evidence, affording an inference that the particular engine was defective in construction or that it was unskillfully

handled, and thus tending to show negligence on the part of defendant.

The court committed no error in allowing the plaintiff, on cross-examination of the witness Will White, to ask what Starling said to him about going to Hartselle. Starling was a detective employed by defendant, and the question was asked manifestly for the purpose of showing bias or interest on the part of the witness.

Witness Broyles did not give testimony showing or tending to show that he was sufficiently familiar with Graves as an engineer to authorize him to testify that he was an experienced engineer; nor was a sufficient predicate laid to render him competent as an expert to expressan opinion or to give his conclusion in respect to whether or not the engine was prudently handled on the occasion referred to. Consequently the court did not err in sustaining objections to questions calling for such evidence from this witness.

There are other assignments of error with reference to rulings on the admissibility of evidence, but they are not insisted on, and must be considered as waived.

No error being shown, the judgment appealed from is affirmed.

Affirmed. All the Justices concur.