# Miller-Brent Lumber Co. *v.* Douglas, *et al.*

## Damage From Setting Out Fire.

(Decided April 21, 1910. 52 South. 414.)

1. *Railroads; Setting Out Fire; Burden of Proof.*—Where an operated locomotive communicates fire to property, the owner of the locomotive has the burden of showing prima facie that the fire was thus communicated without negligence in the construction, equipment, or operation of the locomotive.

2. *Same.*—The burden is on the owner of the locomotive to exclude prima facie the three means of setting out fire, viz, negligent construction, equipment and operation by which fire could have been negligently communicated to property.

3. *Same; Jury Question.*—Where the evidence showed only that twenty or thirty mintues after a locomotive that might have omitted sparks had passed a building, the building was discovered to be on fire on its roof on the side next to the track, but the distance of the building from the track is not shown and the condition and direction of the wind is not shown, the evidence was not sufficient to require a submisison to the jury of the question as to whether the passing locomotive set fire to the building.

4. *Evidence; Inference.*—In legal parlance as respects evidence the word, inference, is clearly distinguished from the word. supposition. Inference is a deduction from proven facts, while supposition requires no such premises for its justification. In dealing with the inquiry whether a party has discharged his burden of proof, courts and juries cannot on mere supposition, pronounce that the burden has been met, but can only establish the ultimate facts from others justifying such inference.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by A. S. Douglas and another against the Miller-Brent Lumber Company, for damages to property

[Miller-Brent Lumber Co. v. Douglas, et al.]

by fire alleged to have been set out by one of its passing locomotives. Judgment for the plaintiff and defendant appeals. Reversed and remanded.

W. O. MULKEY, and J. F. SANDERS, for appellant. The evidence was not sufficient to require a submission to the jury of the question of negligence on the part of the defendant in setting out the fire.—*Southern Ry. Co. v. Dickens,* 49 South. 766. 33 Cyc. 1354.

JOHN H. WILKERSON, and CLAUD RILEY, for appellee. The evidence was sufficient for the jury to say whether or not the fire was started by the defendant's locomotives, and it was admitted that the locomotive was not properly equipped.—*L. & N. v. Miller,* 109 Ala. 500; *Southern Ry. Co. v. Johnson,* 141 Ala. 575; *L. & N. v. Malone,* 109 Ala. 509; *Farley v. M. & O. R. R. Co.,* 149 Ala. 557. The complaint was sufficient.—*L. & N. v. Marbury L. Co.,* 125 Ala. 237.

McCLELLAN, J.—Action, by appellee against appellant, for loss of property, by fire alleged to have been negligently communicated to a depot of the Louisville & Nashville Railroad Company, where it was for shipment, by a locomotive operated by appellant over the track of the Louisville & Nashville Railroad Company.

It is settled with us, by repeated decision, that, where fire is communicated to property from an operated locomotive, the burden of proof is upon the defendant to show, prima facie, that the fire was thus communicated without negligence of the defendant in the construction, equipment, or operation of the locomotive.—*L. & N. R. R. v. Reese,* 85 Ala. 497, 5 South. 283, 7 Am. St. Rep. 66; *Sullivan Co. v. L. & N. R. R. Co.,* 163 Ala. 125, 50 South. 941; *L. & N. R. R. Co. v. Sherrill,* 152 Ala. 213, 44 South. 631 (treating charge 5, among others).

It was admitted, on the trial below, that the engine in this instance charged to have communicated the fire "was not equipped with proper spark arrester."

If the fire was communicated to the roof of the Louisville & Nashville Depot, at Pink, Ala., the defendant did not discharge the burden of proof resting on it to show, prima facie, that the fire's communication was not the result of its negligence. In such case, where the communication of the fire is shown, postively or circumstantially, the obligation is on the defendant to exclude, prima facie, the three means, viz., construction, equipment, and operation, by which the fire may have been negligently communicated to the property. So that, in this case, the chief question is: Was the fire, destroying appellee's property, communicated by defendant's locomotive?

When taken with the utmost favor for appellee, the evidence in this record is not sufficient, even circumstantially, to have required the submission of the stated inquiry to the jury. It was shown that "no one saw any sparks being emitted or thrown from the engine (defendant's) on this occasion." The evidence was in conflict on the issue whether steam was being "worked" when this engine passed the depot. If the engine was not under steam, all the witnesses testify that the emission of sparks was impossible; and, on the contrary, it seems to have been the theory that, if the engine was under steam sparks might be emitted.

It may be granted that sparks may be emitted by an engine under steam; yet that, as is obvious, is, alone, far short of affording evidence, even inferentially, that in fact sparks were emitted. The possibility that a thing may occur is not alone, under any fair, reasonable deduction, evidence, even circumstantial, that the thing did, in fact, occur.

[Miller-Brent Lumber Co. v. Douglas, et al.]

But it is insisted that the possibility stated is not the sole evidence of the asserted fact, viz., that sparks emitted from the engine ignited the roof of the depot. The supplementary evidence to support the asserted fact is said to be present in the evidence that the depot was discovered to be on fire, on the roof, on the side next the railroad, 20 or 30 minutes after this engine passed, and that a trash heap, about 15 feet from the track and north of the depot, was also discovered to be on fire a few minutes before the depot was discovered to be on fire, and that the trash pile was not on fire before the defendant's train passed, "nor was there any person standing near the trash pile from the time the train passed and until it was discovered to be on fire."

The cause of a known effect may be often ascertained, with reasonable certainty, by excluding other causes that may have produced the known effect; whereas, if such other causes are not excluded, the effect is ascribable, in point of fact, to many causes, and is, hence, incapable, for practical purposes of ascertainment, of definite ascription to any one cause. Such indefiniteness cannot lead to the certainty requisite to discharge a burden, in proof, to designate the cause. While not of course in immediate point, this under-lying principle led the court to hold, in *Tinney v. Central of Georgia Ry. Co.*, 129 Ala. 523, 30 South. 623, that the presumption of negligence, in construction, equipment, or operation of an engine setting out fire, would not avail a plaintiff where his complaint omitted, in averment of negligence, one of the three presumptively negligent causes for the ignition of plaintiff's property by fire. Or, to state it otherwise, that the presumption, arising from property destroyed by fire set out by a locomotive, would not refer the cause thereof to those charged, in the pleading, and omit its reference to a negligent cause

19—167

not counted on in the complaint. The principle, though not here, as there, involving presumption, but inference only, must lead to the conclusion, on the inquiry of fact with which we are here concerned, that the plaintiff does not discharge his burden, in the absence of positive evidence of the fact asserted, unless the reasonably possible causes of the fire destroying his property are winnowed, at least by tendencies of the evidence, to that for which (if negligent) the defendant is responsible. Inference, in legal parlance, as respects evidence, is a very different matter from supposition. The former is a deduction from proven facts (4 Words & Phrases, p. 3579) ; while the latter requires no such premise for its justification (8 Words & Phrases, p. 6807). And the courts and juries, in dealing with the inquiry whether a party has discharged his burden of proof, cannot pronounce upon mere supposition that the burden has been met.

In this case, circumstantial at best, we find no evidence tending to exclude the reasonable possibility that the roof of the building was ignited by, for instance, fire within or about the building. There is no evidence of the direction of the wind (if such there was) on the occasion, whether toward (from the track) the building or not. There is no evidence of the distance of the building from the track. The trash pile, we may assume for the argument only, was set by this engine. The evidence shows that to have been 15 feet from the track—whether on the same side as the depot does not appear—and 100 yards north of the depot. In the absence of evidence tending to show the distance of the depot from the track, and of evidence that the trash pile was ignited by sparks from the engine's smokestack, and of evidence tending to show the relative location of the trash pile to the depot, whether on the same side of the track, it is obvi-

ous that the firing of the trash pile could not avail as evidence, affording inference even, that the roof of the building was set on fire by sparks emitted as the result of the action of applied steam producing "exhaust" of the engine—a theory to which the plaintiff committed the success of his cause. The trash pile may have been ignited by fire from beneath the engine, from its fire box; and, if so, the plaintiff's stated theory could get no support from the fact that the trash pile was ignited by fire from that part of the engine.

The case, then, is simply this: Twenty or 30 minutes after a locomotive, that might have emitted sparks, passes a building of undefined distance from the track, on a day when the wind conditions are not shown, the building is discovered to be on fire, on its roof, on the side next to the track. We feel assured that such evidence was insufficient to require the submission of the inquiry to the jury whether the locomotive in question set fire to the building.

This court has dealt often with the inquiry here presented. It is not, of course, the same question that arises where the issue is negligence vel non in setting out a fire shown, positively or circumstantially, to have been set out by a locomotive. In most of the cases (the *Malone Case,* 109 Ala. 509, 20 South. 33, and *Sherrill's Case,* 148 Ala. 1, 44 South. 153, and *Louisville & N. R. Co. v. Sherrill,* 152 Ala. 213, 44 South. 631, being instances) there was some evidence tending to show emission of sparks, by the engine, at or about the place where the fire started; also, the relative location of the point of inception of the fire; and, also, evidence tending to warrant the inference, from circumstances it may be, that the fire had its inception in no other reasonably possible cause than the locomotive. Our numerous other decisions, bearing on the inquiry, are readily accessible.

It is unnecessary to undertake their review, or to assume here to lay down any rule that must be conformed to in order to afford evidence justifying the inference that a fire was set by a locomotive. Counsel for both litigants cite and rely upon the recent decision of *Southern Railway Co. v. Dickens,* 161 Ala. 144, 49 South. 766. The facts and circumstances there reviewed, and on review of which the judgment below was affirmed, readily distinguish that case from this. A notable difference is that one witness testified that the engine in question set out the fire. It was ruled, aside from the discussion arguendo, that the inquiry whether that engine set out the fire was properly submitted to the jury's determination.

The affirmative charge, requested by defendant, was due it on the evidence in the record before us. For its refusal, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.