(89 South. 166)

**PAYNE, Director General of Railroads, v. HARGROVE. (2 Div. 761.)**

(Supreme Court of Alabama. April 21, 1921. Rehearing Denied May 19, 1921.)

**1. Railroads ⟨⟩479—Complaint held to charge negligence only in operation, and not in construction or equipment of engines causing fire.**

In an action against a railway company for damages from fire, a count alleging that the fire was caused by the negligence of the defendant in operating, running, directing, or managing an engine or engines, and another count alleging that it was negligently communicated to plaintiff's house by means of sparks, cinders, or otherwise, from one of defendant's engines operated, run, or directed and managed along its lines, charged only negligence in the operation of the engine or engines, and not in their construction or equipment, and evidence of the character and quality of the construction or equipment of the engines would have been inadmissible on proper objection.

**2. Railroads ⟨⟩485(2)—Instruction held properly refused as requiring plaintiff to show negligence in operation of two locomotives.**

In an action against a railroad for damages from fire, though the complaint alleged negligence only in the operation, and not in the construction and equipment, of the defendant's engine or engines, where the counts alternately ascribed the negligence to one of the engines constituting a double-header, an instruction that the jury could not find for plaintiff unless the fire was communicated to plaintiff's dwelling house on account of the negligent operation of defendant's locomotive, and that, if the jury were unable to determine whether the fire was so communicated on account of the operation of the engine or on account of some defect in the engine, they would find for defendant, was properly refused, as it would have compelled plaintiff to establish negligent operation of both engines.

⸻

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 37.

**3. Railroads ⬡➝480(5)—Where plaintiff alleged negligence in operation only of engine emitting sparks there was no presumption in his favor.**

Where plaintiff, suing a railroad for damages from fire, alleged negligence only in the operation of an engine or engines, and not in their equipment or construction, he could not be aided by the presumption that sparks were emitted because of improper operation or want of proper condition or equipment and was obliged, initially and throughout the case, to adduce evidence snowing negligence in operation of one or both engines.

**4. Railroads ⬡➝481(4)—Evidence that other engine emitted sparks admissible after showing similarity of construction or equipment.**

In an action against a railroad for damages from fire, if the evidence discloses that all locomotives in use over the railroad were constructed or equipped for arresting sparks like those from which the sparks were claimed to have been emitted, testimony would then, and only then, be admissible to show that shortly before the fire other like engines under similar circumstances of load. and handling emitted sparks in large and unusual quantities at the same place or close by.

**5. Railroads ⬡➝481(5)—Evidence that engine emitted sparks not evidence that another set fire by emission.**

The fact, if so, that one railroad engine emitted sparks even under like conditions, is not receivable as evidence that other engine set out a fire through the emission of sparks.

Appeal from Circuit Court, Bibb County; B. M. Miller, Judge.

Action by Andrew Hargrove against Walker D. Hines, as Director General of Railroads, with substitution of John Barton Payne as defendant, for damages for setting out fire through the operation of a locomotive. Judgment for the plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Charge 2 refused to the defendant is as follows:

You cannot find a verdict in favor of the plaintiff in this case, unless you are reasonably satisfied from the evidence in the case that the fire was communicated to the dwelling house on account of the negligent operation of defendant's locomotive, and if you are unable to determine from the evidence whether the fire was communicated to plaintiff's dwelling on account of the operation of the engine or whether if it was on account of some defect in the engine itself, then in that event you will find a verdict in favor of the defendant.

Foster, Verner & Rice, of Tuscaloosa, for appellant.

The plaintiff did not make out a case under either count of the complaint. 85 Ala. 497, 5 South. 283, 7 Am. St. Rep. 66; 167 Ala. 286, 52 South. 414; 100 Ala. 104, 14 South. 762; 161 Ala. 141, 49 South. 757, 135 Am. St. Rep. 121; 33 Cyc. 1396; 196 Ala. 77, 71 South. 455; 144 Pa. 461, 22 Atl. 851, 16 L. R. A. 299, 27 Am. St. Rep. 652. Under the evidence the defendant was entitled to a directed verdict. 129 Ala. 523, 30 South. 623, and authorities supra.

Jerome T. Fuller, of Centerville, for appellee.

Counsel insist in his original brief that the authorities cited by appellant sustain the action of the trial court in refusing the affirmative charge and in denying motion for new trial. Counsel further insist the matter was properly submitted to the jury and that no error was committed, and in support thereof he cites 167 Ala. 292, 52 South. 406; 129 Ala. 238, 29 South. 673; 109 Ala. 509, 20 South. 33.

McCLELLAN, J. Action by appellee against appellant for damages alleged to have resulted from fire negligently communicated by a passing locomotive or locomotives (a "double-header") to a dwelling house owned by plaintiff, appellee, situated about 80 feet from the railway of the Mobile & Ohio Railroad Compay near Brent, Ala.

[1] There are two counts in the complaint. The first ascribed the damnifying result to this:

" * * * The negligence or carelessness of the defendant in the operating, running, direction, or managing said locomotive or locomotives, or said steam engine or steam engines. * * * "

The second count ascribes the damnifying result to this:

" * * * Which fire was negligently or carelessly communicated to the said building by means of sparks, cinders, or otherwise from one of the locomotives or engines on said date and occasion operated, run, directed, or managed along the line of railroad. * * * "

The plea was the general issue.

[2] It is manifest that the negligence charged in both counts is referred to the operation of the engine or engines as distinguished from the construction or equipment thereof—an important distinction pointed out in Tinney v. C. of Ga. Ry. Co., 129 Ala. 523, 526, 527, 30 South. 623, and since recognized in A. G. S. R. R. Co. v. Loveman, 196 Ala. 683, 687, 688, 72 South. 311, Sou. Ry. Co. v. Shelton, 136 Ala. 191, 208, 34 South. 194, and Miller-Brent Lbr. Co. v. Douglas, 167 Ala. 286, 289, 290, 52 South. 414, among others. Under this interpretation of the counts, evidence of the character and quality of the construction or equipment of these locomotives (Nos. 147 and 150) on this occasion, with a view to arresting the escape of sparks therefrom, would

---

have been inadmissible on proper objection, had objection been made. Nevertheless the substance of the question was later raised and reserved by the general affirmative charge requested and refused to defendant (see Tinney's Case, supra), which ruling is assigned for error on this appeal. The proposition was evidently in the mind of counsel when charge 2 was requested for defendant; but the court cannot be held to have erred in refusing this request 2 for the reason that it would have required the plaintiff to establish "negligent operation" of both locomotives, whereas the counts alternately ascribed the negligence averred to one of the locomotives.

In the Tinney Case, supra, it was said:

"Assuming, therefore, that the evidence showed that the property was burned by sparks from the engine, and accommodating the prima facie presumption [there fully defined] that these sparks were emitted because of improper operation of the train or want of proper condition or equipment of the engine, plaintiff's case as laid in her complaint was still not made out; and the court properly gave the affirmative charge for the defendant."

[3] Such is the condition in this case. The only negligence charged in the complaint is in the operation of the engine or engines ("double-header"), as distinguished from negligence in respect of defective equipment or construction. Not having declared upon negligence in construction or equipment, but only upon negligence in operation of the engine or engines, the plaintiff could not be aided, in any degree, by the presumption stated in L. & N. R. R. Co. v. Reese, 85 Ala. 502, 5 South. 283, 7 Am. St. Rep. 66, as held in the Tinney Case, supra, and hence was obliged, initially and throughout, to adduce evidence designed and effective to show negligence in operation of one or both of these engines (the "double-header"), not negligence in respect of construction or equipment. This the plaintiff did not do. On the contrary, the only evidence offered went to establish proper, skillful operation of both of these engines on the occasion in question. On the record as it now stands, it was error to refuse the general affirmative charge requested for defendant.

Looking to a retrial on reformed pleadings, it should be said that there is in this record evidence (inconclusive, of course) tending to show that one or both of these locomotives (numbered 147 and 150) emitted sparks that ignited the roof of plaintiff's building; this by way of exclusion (inconclusive, of course) of other fairly possible causes (Miller-Brent Lbr. Co. v. Douglas, supra), as well as by indicating that the place of original ignition was on the roof only. All of these issues were for the jury. This court does not intend to intimate any opinion thereon.

[4, 5] If the evidence again discloses that all locomotives in use over this line were constructed or equipped for arresting sparks like those numbered 147 and 150, testimony would then, and only then, be admissible to show that shortly before this occasion other like engines under similar circumstances of load and handling emitted sparks at or close by that place in large and unusual quantities. Sherrill Case, 148 Ala. 1, 44 South. 153, Id., 152 Ala. 213, 44 South. 631, involved considerations, in the nature of comparisons, not present in this case. The fact (if so) that one engine emitted sparks, even under like conditions, is not receivable as evidence that another engine set out a fire through the emission of sparks. Sherill's Case, 152 Ala. 222, 44 South. 631.

For the error indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.