# Horton *v.* Louisville & Nashville R. R. Co.

## *Damage For Setting Out Fire.*

(Decided April 22, 1909. Rehearing denied May 11, 1909. 49 South. 423.)

1. *Bill of Exceptions; Erasures; Corrections; Remedies.*—Where it appears that certain erasures were made in the bill of exceptions by the presiding judge before he signed the bill, the remedy is not on motion to expunge the erasure; one presenting a bill of exception to a judge for signature who is not satisfied with the bill as signed by the judge should avail himself of his remedy to establish the bill in the Supreme Court.

2. *Railroads; Setting Out Fire; Evidence.*—Where the action was for the destruction of cotton by fire set out by engine, and it was shown that part of the cotton was only partially damaged, as to what became of the cotton not damaged was a proper inquiry.

3. *Inspection of Engine.*—In an action for damages caused by fire set out by an engine, it was competent to show that the engine had been examined by an expert machinist seventeen days before the fire, and found in a proper condition, properly equipped, etc.

4. *Same; Burden of Proof.*—In an action for setting out fire by an engine where the proof shows that the engine was emitting sparks of dangerous and unusual size and quantity, the burden is shifted to the defendant operating the engine to show the proper construction and equipment of the engine, that it was in good repair and prudently handled and controlled.

5. *Same; Instructions.*—A charge asserting that the jury should find for the defendant if the engine was properly constructed and managed, and was defective in any manner, and was equipped with approved appliances to prevent the escape of sparks, etc., is defective in the use of the expression "and was defective in any manner."

6. *Same; Spark Arresters.*—To escape liability for damage done by fire caused by sparks, a railroad must not only show that the locomotive causing the damage was properly constructed and in good

[Horton v. Louisville & Nashville R. R. Co.]

repair, and was properly managed and controlled, but also that it was properly equipped with suitable appliances for arresting the emission of sparks, and a charge asserting that the jury must find for the defendant if the engine was properly constructed, in good repair, and properly handled, ignores the further duty to equip the locomotive with suitable appliances for arresting sparks; "properly constructed' not necessarily meaning the equipment with such appliances.

7. *Evidence; Expert Evidence.*—Where an engineer testified to fifteen years experience in handling engines and that he was in charge of the engine alleged to have caused the damage, it was proper to permit him to testify that he knew how to properly handle, manage and control an engine.

8. *Trial; Reception of Evidence; Objection.*—If there is evidence sufficient for the jury to infer the facts about which the question is asked, an objection to a question grounded on the fact that there is no evidence to sustain it, is properly overruled.

9. *Same; Necessity of Specific Objection.*—Unless evidence is patently irrelevant or illegal, the court will not be put in error for overruling a general objection to its admission.

10. *Same; Rebuttal.*—It is within the sound discretion of the trial court to permit questions in rebuttal which do not call for strictly rebuttal testimony.

APPEAL from Conecuh Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Action by W. K. Horton against the Louisville & Nashville Railroad Company for the destruction of cotton by fire set by a locomotive. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The objections to evidence are sufficiently stated in the opinion of the court. The following charges, given at the request of the defendant, are assigned as error: (D) "The court charges the jury that, notwithstanding the fact that they might be reasonably satisfied from the evidence that the engine of the defendant was throwing sparks in dangerous and unusual quantities, and of ununusual size, yet, before they can find a verdict for defendant, they must be reasonably satisfied from the evidence that the defendant's engine was either improperly constructed, or that it was improperly handled, managed, or controlled, or that the said engine was defective in some manner, and that if they are reasonably satis-

fied from the evidence that the said engine was properly constructed and managed, handled, and controlled, and was defective in any manner, and was equipped with approved appliances to prevent the escape of fire and sparks, then your verdict must be for the defendant." (G) "The court charges the jury that notwithstanding the fact that they may be reasonably satisfied from the evidence that the cotton which is alleged to have been burned was burned from sparks emitted from an engine of the defendant, that before they would be justified in finding a verdict for plaintiff they must further be reasonably satisfied from the evidence that the defendant's engine was defectively constructed, or that it was out of repair, or that it was negligently handled, managed, or controlled by the servants of the defendant, and if the jury is reasonably satisfied from the evidence that such engine was properly constructed, was in good repair, and was properly handled, managed, and controlled by the servants of the defendant in charge of such engine, your verdict must be for the defendant."

Within the bill of exceptions in the transcript is charge marked "No. B2," which is set out in full. Across this charge are drawn certain erasure lines, and indorsed in ink across the charge are these words: "This charge, B2, was not given in this case, but in the Irby-Smith case. J. C. R." On the transcript is indorsed: "The endorsement in writing appeared on the bill of exceptions in the handwriting of J. C. Richardson, at the time the bill was filed in my office. S. L. Tisdale, Clerk." This was the erasure sought by the appellant to be stricken from the record.

STALLWORTH & BURNETT, JAMES A. STALLWORTH, and HAMILTON & CRUMPTON, for appellant.—The court erred in allowing the defendant to ask its engineer if he knew

how to properly manage, handle and control an engine.
—*B. Ry. L. & P. Co. v. Martin,* 148 Ala. 8. Counsel discuss other assignments of error as to evidence, but without citation of authority. The court erred in giving charge D requested by the defendant.—*Farley v. M. & O. R. R. Co.,* 149 Ala. 560; *L. & N. v. Marbury,* 125 Ala. 255; *L. & N. v. Reese,* 85 Ala. 202; 13 A. & E. Ency of Law, 504. Charge B was improperly given.—*L. & N. v. Sullivan,* 126 Ala. 103; *Moore v. Heineke,* 119 Ala. 627; *Coghill v. Kennedy,* 119 Ala. 641.

GEORGE W. JONES, and RABB & PAGE, for appellee.— The 1st assignment of error is to a general objection to evidence. The objection states no ground, and will not be considered.—*Railroad v. Ladd,* 92 Ala. 287; *Giddens v. Bolling,* 92 Ala. 586. The court has discretion to permit evidence in rebuttal not strictly so.—*Southern Ry. Co. v. Brent,* 132 Ala. 655; *Noblin v. The State,* 100 Ala. 13. The statement of a specific ground of objection is a waiver of other grounds.—*Steiner v. Tranum,* 98 Ala. 315. Charge D was entirely proper.—*L. & N. v. Marbury,* 125 Ala. 237; *L. & N: v. Reese,* 85 Ala. 502. The same may be said of charge G on the same authority. The court will not consider charges shown by the record but not shown by the bill of exceptions.—*Miller Co. v. Wiggins,* 143 Ala. 132. The bill of exceptions controls.—*Danforth v. T. R. R. Co.,* 93 Ala. 614. If the judge refuses a correct bill of exceptions, the remedy is to establish the same.—*Kirby v. Vann,* 51 Ala. 222; Sec. 3021, Code.

DOWDELL, C. J.—The preliminary motion of appellant, here made, to expunge certain erasures from the bill of exceptions as contained in the record, cannot be entertained. It clearly appears that the said erasures

were made by the presiding judge, who signed the bill of exceptions, and before he signed the same as such. If the bill of exceptions as presented by the appellant to the judge for signing by him was a true and correct bill, and the judge failed or refused to sign the same as presented, the appellant's remedy, under the statute, was to establish his bill in this court on proper proceedings under the rules.

The assignments of error on the record relate to rulings of the court on the introduction of evidence and to instructions to the jury. There was no error in overruling the objection to the question by the defendant, on the cross-examination of the witness Cunningham: Do you know what finally became of the cotton?" In the first place, the objection was general; and, in the second, the evidence sought to be elicited was relevant and material. It was shown that a part of the cotton, for the destruction of which damages were claimed in the complaint, was only partially damaged.

The witness Young testified that he had been a locomotive engineer for about 15 years, and was in charge of the locomotive alleged to have caused the damage in question. He was then asked: "Do you know how to properly handle, manage, and control an engine?" A general objection was made by the plaintiff to this question, which was overruled by the court. There was no error in this ruling. The objection was general. The evidence sought was, under the issues in the case, relevant and material. Counsel for appellant cite the case of *B. Ry., L. & P. Co. v. Martin,* 148 Ala. 8, 42 South. 618, as opposed to the ruling of the trial court in this case. The questions in the two cases are different. The question here was as to whether the witness knew how to manage an engine, qualifying him to speak as an expert, and upon which the plaintiff might, on a cross-ex-

amination, fully test the knowledge of the witness inquired about. In the case cited the question was whether the witness did carefully control and manage the engine at the time of the accident and it was properly ruled that he should state what he did and how he handled the engine, as the careful handling of the engine at the time was one of the questions in the case for the jury. The objection to the question, "Will a properly equipped engine sometimes emit sufficient sparks to set fire to cotton within five or six feet of the track?" was general. The evidence under the issues was relevant, and the trial court in such case will not be put in error for overruling a general objection.—*White v. Craft*, 91 Ala. 139, 8 South. 420; *Oil Co. v. Perry*, 85 Ala. 158, 4 South. 635.

The ground of objection to the question asked the witness Brooks as to small chips being emitted from the engine in a state of ignition was specific, and that was that there was no evidence as to little burning chips being emitted from the engine. There was, however, evidence tending to show such a thing, and from which the jury might have inferred the same. On the ground of the objection stated to the question, no reversible error was committed in overruling the same.

The fire occurred on the 27th of April, and it was permissible and competent in evidence to show that the locomotive in question had been examined on the 10th of April, prior to the fire, by an expert machinist, and that the locomotive was at that time in proper condition, properly equipped, etc.; the proper condition and equipment of the engine being a question in the case. The examination of the locomotive was sufficiently near in point of time to the injury to render it a competent circumstance to go to the jury upon the question of the condition of the engine at the time of the injury.

There is no merit in any of the other questions reserved upon the introduction of evidence. The questions asked the witness Waller, when recalled as a witness in rebuttal, did not call for strictly rebuttal evidence, and it was within the discretion of the trial court as to whether it would permit the questions.

Of the assignments of error based on charges given the jury, only those relating to charges B2, D, G, and 22, are insisted on in argument. There is no such charge as 22 to be found in the record. The charge designated "B2" is the one which was erased and stricken out of the bill of exceptions by the presiding judge, before signing the bill, and hence it is not contained in the bill of exceptions that becomes a part of the record in this case.

Charge D, given at the request of the defendant, should have been refused. When it was shown by the evidence that the engine in question was emitting sparks in dangerous and unusual size and quantity, the burden of proof was thereby placed on the defendant to show proper construction and equipment of the engine, and that it was in good repair and prudently handled and controlled.—*L. & N. R. R. Co. v. Reese*, 85 Ala. 502, 5 South. 283, 7 Am. St. Rep. 66; *L. & N. R. R. Co. v. Marbury Lumber Co.*, 125 Ala. 255, 28 South. 438, 50 L. R. A. 620. The charge was misleading in its tendency as to this burden of proof; but while the misleading tendency, alone and of itself, would not constitute reversible error in the giving of it, the charge instructs a verdict for the defendant notwithstanding the engine was defective. In the last clause of charge D the omission of the word "not," before the word "defective," leaves the charge to affirm a non-liability of the defendant, notwithstanding the engine "was defective."

The defendant, in the operation of its steam locomotives over its road, in order to acquit itself from liabil-

ity for damages done to the property of others by fire caused from the emission of sparks from the locomotive, must not only show that its locomotive was of proper construction and in good repair, and that the same was properly managed and controlled, but also that it was properly equipped with suitable appliances for arresting the emission of sparks.—*Railroad Co. v. Reese, supra; Railroad Co. v. Marbury Lumber Co., supra,* and cases following those cases. Charge G, given at the request of the defendant, and which instructed a verdict for the defendant on the facts hypothesized, ignored the duty of the defendant company to equip its locomotive with a suitable spark arrester, and for this reason, if for no other, the charge was faulty and should have been refused. An engine may be properly constructed without a spark arrester, and hence that expression, as used in the given charge, cannot be held of necessity to include suitable appliances for arresting sparks.

For the errors indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.

SIMPSON, DENSON, and MAYFIELD, JJ., concur.


