# Tombigbee Valley R. R. Co. v. Howard.

## Setting Out Fire.

(Decided January 22, 1914.   64 South. 338.)

1. *Railroads; Setting Out Fire; Complaint.*—In an action against a railroad company for setting out fire, a general averment of negligence in the operation, construction and equipment of a locomotive in use or on defendant's road, whereby fire was allowed to escape and ignite structures on plaintiff's land, is sufficiently stated in one count, and it is not necessary to set out the details of such a case in ten counts.

2. *Same; Burden of Proof.*—Where the action was against a railroad company for negligently setting out fire, evidence of the emission of sparks from a locomotive and the burning of the property of plaintiff, casts the burden upon the railroad company of showing that the sparks were emitted without negligence in the construction, equipment or operation of the locomotive, and where the evidence for defendant is sufficient to overcome the presumption of negligence on his part, the burden again shifts to plaintiff to show negligence in the construction, equipment and operation of the locomotive.

3. *Same.*—A railroad company is bound only to adopt such appliances and contrivances as are in practical use by well regulated railroads to prevent the emission of sparks, and is not under the duty to adopt the most modern appliance.

4. *Pleading; Amendment; Allowance.*—Under section 5367, Code 1907, it is proper, in an action against a railroad company for negligently setting out fires, to permit plaintiff to amend his complaint at the trial, where the amendment did not change the cause of action.

[Tombigbee Valley R. R. Co. v. Howard.]

APPEAL from Washington Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by J. M. Howard against the Tombigbee Valley Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

As originally filed, the complaint contained two counts. By leave of the court, plaintiff amended his complaint by the addition of eight counts, all claiming damages for burning plaintiff's farm fence, pasture fence, and trees, shrubbery, etc., on a certain described tract of land. Some of the counts declaring on simple negligence and some for wantonly or willfully causing and allowing fire to be set out by an engine operated by defendant on its line of road. The defendant interposed an objection to the allowance of said amendment, and assigns it as error. The other facts sufficiently appear from the opinion.

TURNER, WILSON & TUCKER, for appellant. Where the engine which emitted the sparks was identified, evidence that other engines threw sparks, is not admissible.—*A. G. S. v. Johnson,* 128 Ala. 294. A railroad fulfills its duty by adopting such appliances as are in regular use by well regulated and equipped railroads, and is not bound to use the most modern appliances.— *L. & N. v. Marbury L. Co.,* 125 Ala. 254. If no evidence is offered by plaintiff to show other negligence, and defendant shows proper equipment, defendant is entitled to the general charge.—*A. G. S. v. Taylor,* 129 Ala. 246; *L. & N. v. Marbury L. Co., supra.* The first two counts being in trespass, and the statute of limitations having run, the amendment of March 1910, should not have been allowed.—*M. & M. R. R. Co. v. McKeller,* 59 Ala. 458; *Freeman v. C. of Ga.,* 45 South. 898. Counsel discuss the demurrers to the complaint and insist that

they should have been sustained.—*M. & O. v. George,* 94 Ala. 214; *Ensley Ry. Co. v. Chewning,* 93 Ala. 26; *H. A. & B. R. R. Co. v. Dusenberry,* 94 Ala. 413; *Meadows v. Meadows,* 73 Ala. 356.

GRANADE & GRANADE, and JOE M. PELHAM, for appellee. The assignments of error are on a separate piece of paper pasted in the transcript, and are not therefore, within the rule, so as to require consideration at the hands of this court.—*E. W. Gates L. Co. v. Givens,* 61 South. 330; *Hunter v. L. & N.,* 150 Ala. 594.

McCLELLAN, J.—Action for damages by appellee against appellant, alleged to have resulted to plaintiff's property in consequence of fire emitted by a locomotive in use on defendant's railway. Responding to a suggestion in brief for appellee, we may say that the errors are assigned on the transcript, and that no joinder therein appears.

There was no occasion to employ ten counts to state the simple matter upon which plaintiff relied for the establishment of defendant's liability for the damages claimed to have been suffered. One count, properly phrased, would have sufficed. In this class of cases a general averment of negligence in the operation, construction, or equipment of a locomotive then in use on the defendant's railroad, whereby the damage alleged is proximately caused, meets all the conditions of good pleading, in this state, in such cases.—*L. & N. R. R. Co. v. Smith,* 163 Ala. 141, 50 South 241, among others. All of the counts are in case. Each one of the counts to which appellant contends its demurrer should have been sustained has been carefully examined. While the counts may be said to contain much that was unnecessary to be averred, none were subject to the grounds of demurrer interposed.

The general affirmative charge on the whole case was requested by and refused to defendant. Under the evidence in this record, that was the proper disposition to make of the charge.

There was evidence tending to show the putting out of the fire by sparks from a locomotive in use on defendant's railroad, and of its progression to plaintiff's property. If the jury accepted the view that the fire was caused by defendant's locomotive, "the burden then passed to the defendant to show, at least prima facie, that the fire so communicated was emitted without negligence in the construction, equipment, and operation of the locomotive in question."—*Sullivan Timber Co. v. L. & N. R. R. Co.*, 163 Ala. 125, 132, 50 South. 941, 943. "If the evidence offered by defendant in negation of such negligence prima facie overcame the presumption that the communication of the fire, as stated, was the result of negligence—a question for the court, as was ruled in *Reese's Case*, 85 Ala. 497 [5 South. 283, 7 Am. St. Rep. 66]— * * * then the obligation was on the plaintiff, before he could recover, to adduce some affirmative evidence tending to show negligence in construction, equipment, or operation of the locomotive."—*Sullivan Co. v. L. & N. R. R. Co., supra.*

A careful review of this entire evidence does not convince this court, as it did not the court below, that the evidence presented by the defendant overcame prima facie the presumption stated. At best the witnesses, on the subject of the proper construction and equipment of engine numbered 30, were far from affirming the facts essential to make the rebutting (of the stated presumption) the prima facie case required to put the plaintiff to proof of particular negligence.

There was manifest error in the substance of this statement by the court in the presence of the jury, a

conclusion of law which the court enforced in its rulings on the evidence: "I shall charge the jury that it is the duty of railroads to use the most modern appliances to prevent accidents from sparks." The accepted measure of duty in this regard was long since stated in *Reese's Case,* 85 Ala. 502, 5 South. 283, 7 Am. St. Rep. 66, and has been often reiterated here. This duty is fulfilled, in respect of equipment, "by adopting such appliances and contrivances as are in practical use by well-regulated railroad companies, and which have been proved by experience to be adapted to the purpose." The view the trial court had and enforced in its rulings established too high a standard in the premises. The adoption of the "most modern appliances" would entail an obligation very greatly higher than the standard this court has so long approved.

The rule as respects the right of amendment and of the inapplication of the statute of limitations, where the same transaction is the basis of the counts added, has been finally approved and set down in *Ala. Consolidated Coal Co. v. Heald,* 154 Ala. 580, 45 South. 686; Code, § 5367. There should be no further difficulty in respect of such matters. The amendments made in this instance were properly allowed under the rule of that authority.

For the error indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.