## CENTRAL OF GEORGIA RY. CO. v. WILSON. (4 Div. 275.)

(Supreme Court of Alabama. Jan. 20, 1927. Rehearing Denied March 31, 1927.)

1. **Appeal and error** �köö1048(6)—**Error in sustaining objection to question whether witness stated, in answer to interrogatory, that he did not know time of fire, held harmless.**

In suit for fire damage to a building by passing railroad engine, where plaintiff testified that he swore to interrogatory, error in sustaining objection to defendant's question as to whether he had not stated therein he did not know what time the fire occurred *held* harmless, in view of subsequent introduction of paper in evidence, and defendant's opportunity of argument of contradiction or impeachment.

2. **Appeal and error** �köö205—**Reviewing court need not search for grounds of admissibility of evidence, when same is not limited.**

The reviewing court is not required to search for grounds of admissibility of evidence, when the same is not limited.

3. **Witnesses** �köö393(6)—**To impeach plaintiff by contradictory answers to interrogatories, entire deposition must be shown or read to him.**

In suit for fire damage to a building by passing railroad engine, where plaintiff testified that he signed and swore to a paper which was an answer to interrogatories, entire deposition to show his contradictory statement therein should have been shown or read to him.

4. **Witnesses** �köö396(2)—**Plaintiff's witness having testified on cross-examination as to what he stated when paper was signed, plaintiff had right to prove whole conversation.**

In suit for fire damage to building from passing engine, plaintiff's witness having been cross-examined about contrary statement as to what he stated when paper introduced in evidence was signed, plaintiff had right to prove whole conversation, including preliminary statements of third person to witness.

5. **Evidence** �köö121(13)—**Telegraphic records of movement of trains on night of fire held part of res gestæ of business of operation thereof.**

In suit for fire damage to a building by a passing engine, telegraphic records of railroad of movements of its trains *held* part of res gestæ of business of operation thereof on date of the fire.

6. **Witnesses** �köö255(10)—**Witness may refresh recollection from memorandum and then testify to state of facts as he may remember.**

Where witness testifies that he saw record made and knew it to be correct, he may refresh his recollection therefrom and then testify to state of facts as he may remember.

7. **Evidence** �köö373(2)—**Train record shown to be true and correct as made under supervision of dispatcher held competent.**

In suit for fire damage to a building by a passing engine, train record on date of fire *held* competent, where it was shown to be true and correct as made up under supervision of dispatcher in due course of and in line with his duties.

8. **Appeal and error** �köö1057(1)—**Where there was no dispute as to identity of engine pulling train, error in exclusion of train record was harmless.**

In suit for fire damage to a building by passing engine, where there was no dispute as to identity of the engine pulling the train, error in exclusion of the train record made up under the supervision of the train dispatcher on date of fire was harmless.

9. **Appeal and error** �köö1048(5)—**Question whether witness knew engines had emitted sparks and set fire to adjoining property held harmless, in view of negative answer.**

In suit for fire damage to building by passing engine, where defendant's witness testified that spark arrester was of standard kind and that sparks of unusual size could not be emitted through its netting, question on cross-examination as to whether witness had not known engines so equipped to emit sparks so as to set fire to adjoining property was rendered harmless by witness' negative answer.

10. **Witnesses** �köö388(5)—**Testimony of witness that he told defendant he had no knowledge of fire held sufficient predicate for question as to whether witness made such statement.**

In suit for fire damage to building by passing railroad engine, testimony of witness that he had not gone to plaintiff and told him he knew something about the fire *held* sufficient predicate for question to plaintiff as to whether witness had gone to him and told him he knew how fire had caught.

11. **Appeal and error** �köö232(2)—**Specific grounds of objection waive all others, and court will not be put in error on grounds not assigned.**

Specific grounds of objection to evidence waive all others, and the court will not be put in error on grounds not assigned.

12. **Railroads** �köö480(4)—**Plaintiff had burden to prove fire was communicated by sparks from engine.**

In suit for fire damage to building by passing engine, burden was on plaintiff to prove that fire was communicated to his property by sparks emitted from the engine.

13. **Railroads** �köö484(4)—**Negligence in construction, equipment, and operation of engine held for jury.**

In suit for fire damage to building by passing railroad engine, negligence of construction, equipment, or operation of defendant's engine *held* under facts for jury.

———

�kööFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**14. Trial ⊕⇒228(3)—Charges that plaintiff had burden to show engine was emitting sparks of unusual size and in unusual numbers held properly refused as conjunctive.**

In suit for fire damage to building by passing engine, defendant's charges that plaintiff had burden to show that passing engine was emitting live sparks of unusual size and in unusual numbers or were thrown an unusual distance by the engine *held* properly refused as conjunctive.

**15. Trial ⊕⇒252(7)—Refusal of charge not based on evidence held proper.**

In suit for fire damage to building by passing engine, refusal of defendant's charge not based on evidence was not error.

**16. Trial ⊕⇒253(7)—Charge seeking directing verdict for defendant, which ignored operation of its railroad engine, held properly refused.**

In suit for fire damage to building by passing engine, defendant's charge seeking directed verdict on hypothesis of proper equipment, which ignored that of proper operation of its engine, *held* properly refused.

**17. Trial ⊕⇒240—Charge that jury could consider time train passed property and time of fire held argumentative and properly refused.**

In suit for fire damage to building by passing engine, charge that, if train passed property about 9 o'clock p. m. and fire did not occur for four to five hours and after intermittent rain, jury could look to intervening time to determine whether property was destroyed by sparks, *held* argumentative and properly refused.

**18. Trial ⊕⇒244(2)—Refusal of charge singling out and giving undue prominence to evidence held not error.**

Refusal of charge which singled out and gave undue prominence to portions of evidence was not error.

**19. Trial ⊕⇒260(1)—Refusal of charge covered by oral charge given held not error.**

Refusal of charge which was covered by the court's oral charge was not error.

**20. Railroads ⊕⇒485(3)—Charge placing burden to show improper construction, equipment, and operation of engines on plaintiff showing fire from engine was properly refused.**

In suit for fire damage to building by passing engine, where plaintiff made prima facie case showing fire was caused by defendant's engine, defendant's charge which cast burden on plaintiff to show improper construction, equipment, and operation of engines, was properly refused.

**21. Appeal and error ⊕⇒528(1)—Where neither ruling on motion for new trial nor exception thereto is in bill of exceptions, ruling is not presented for review (Code 1923, § 6088).**

In view of Code 1923, § 6088, where no ruling on motion for new trial or exception thereto is contained in the bill of exceptions, ruling is not presented for review.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Action by John D. Wilson against the Central of Georgia Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Defendant's witness Babb, an expert boiler inspector testified that the spark arrester in the engine involved in this case was in good condition and, as far as he knew, was of the kind and character used by standard railroads; that the said engine being equipped with the spark arrester, sparks of unusual size and in unusual quantities could not be emitted through the netting of the arrester with it in good condition. On cross-examination he was asked by plaintiff, over defendant's objection:

"I would ask if it is not a fact that you have known engines of the Central of Georgia Railway Company equipped just as this one was, time after time, to emit sparks in such quantities and of such size as to set fire to adjoining property?"

The witness answered:

"According to my knowledge and experience, I say no."

The following requested charges were refused to the defendant:

"(2) The court further charges the jury that if the defendant company had its engine equipped with such appliances and contrivances as are in practical use by standard railroad companies, and the engineer in charge of said engine was properly driving or operating the same while traveling along the defendant's right of way, the plaintiff cannot recover in this action, unless he proves to the reasonable satisfaction of the jury by common (competent) evidence that at the time said engine drawing said train passed the point of location of the burned property, it was emitting live sparks of unusual size and in unusual numbers, and that from said sparks the fire was communicated to and destroyed plaintiff's property, and unless the plaintiff so reasonably satisfies you from the evidence, your verdict must be for the defendant.

"(3) The court further charges the jury that if the train in question passed the point of location of the burned property at or about 9 o'clock at night and the fire in question did not occur until at or about 2 o'clock in the morning, after and during an intermittent rain, the jury may look to the intervening space of practically five hours from the time said train passed and said fire occurred as disclosed by all the evidence in this case, to determine whether said property was destroyed by sparks of fire set out from the defendant's engine; and if the defendant's train was operated without negligence by the engineer in charge, and such engine was equipped with such appliance and contrivances as are in practical use by well-regulated railroad companies; and if the proved evidence in the case does not reasonably satisfy you that said fire was communicated from said engine to the property of the plaintiff, as the

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

result of negligence of the defendant's engineer, and thereby destroyed the same—it is the duty of the jury to render a verdict for the defendant.

"(4) The court further charges the jury that there is no duty resting upon the defendant company to use the most modern appliances to prevent accident of fires from sparks, but the duty resting upon the defendant is performed, in respect of equipment, by adopting such appliances and contrivances as are in practical use by well-regulated railroad companies, and if the engine of the defendant company drawing the train in question was equipped with such appliances and contrivances as are in practical use by well-regulated railroad companies, although the property involved in this suit was destroyed by fire from sparks from said engine, in that event the plaintiff cannot recover in this suit, and your verdict must be for the defendant.

"(5) The court further charges the jury that if the train in question passed the point of location of the burned property at or about 9 o'clock at night, and the fire in question did not occur until at or about 2 o'clock in the morning, after and during an intermittent rain, the jury may look to the intervening space of practically five hours from the time said train passed and said fire occurred as disclosed by all the evidence in this case, to determine whether said property was destroyed by sparks or fire set out from the defendant's engine; and if the proved evidence in the case does not reasonably satisfy you that said fire was communicated from said engine to the property of the plaintiff and thereby destroyed the same, it is the duty of the jury to render a verdict for the defendant."

"(7) I charge you, gentlemen of the jury, that it is not sufficient to entitle the plaintiff to recover for the plaintiff to prove that the engine drawing the train in question emitted live sparks, or that it emitted live sparks in numbers, but the plaintiff's evidence must go further and reasonably satisfy the jury that the live sparks emitted were of unusual size, and that it emitted live sparks in usual numbers, and unless the evidence so reasonably satisfies the minds of the jury that the fire occurred by reason of such sparks, in that event the plaintiff cannot recover in this case, and your verdict must be for the defendant.

"(8) I charge you, gentlemen of the jury, that unless the plaintiff reasonably satisfies you from the evidence that the engine in question was either improperly handled or was improperly equipped, your verdict must be for the defendant.

"(9) I charge you, gentlemen of the jury, that under the evidence in this case, when the defendant has shown by its evidence that the engine drawing the train in question was properly handled, and properly equipped, and if such be the evidence in the case to your reasonable satisfaction, the plaintiff cannot recover in this case, and your verdict must be for the defendant."

Steiner, Crum & Weil, of Montgomery, for appellant.

Defendant's cross-examination of plaintiff should have been allowed. Grasselli Chem. Co. v. Davis, 166 Ala. 471, 52 So. 35; Ports-mouth Cot. O. Co. v. Madrid Cot. O. Co., 200 Ala. 634, 77 So. 8; Shelby Ir. Co. v. Morrow, 209 Ala. 116, 95 So. 370. Testimony by defendant's witness Casey, as to the trains passing the point in question on the night of the fire, should have been allowed. The train record was admissible. Singleton v. Doe ex. dem. Smith, 184 Ala. 199, 63 So. 949; Floyd v. Pugh, 201 Ala. 29, 77 So. 323; Byars v. James, 208 Ala. 392, 94 So. 536; Oden, Elliott L. Co. v. Daniel-Gaddis L. Co., 210 Ala. 582, 98 So. 730; Code 1923, § 7701. The cross-examination of witness Babb was improper. Evidence of what other engines did was not admissible. L. & N. v. Marbury Lbr. Co., 132 Ala. 520, 32 So. 745, 90 Am. St. Rep. 917; Farley v. M. & O., 149 Ala. 557, 42 So. 747; Sherrill v. L. & N., 148 Ala. 1, 44 So. 153; Id., 152 Ala. 222, 44 So. 631; Southern R. Co. v. Stonewall, 177 Ala. 327, 58 So. 313, Ann. Cas. 1915A, 987. Plaintiff should not have been permitted to testify what he had been told by Ingram. This was hearsay, and no predicate had been laid for impeaching Ingram. Johns Und. Co. v. Hess-Strickland Co., 213 Ala. 78, 104 So. 250; Lester v. Jacobs, 212 Ala. 614, 103 So. 682; Blackwood v. Rutherford, 212 Ala. 630, 103 So. 689. The complaint states no cause of action. Payne v. Hargrove, 206 Ala. 69, 89 So. 166; Southern R. Co. v. Everett, 211 Ala. 61, 99 So. 82. But, if the complaint had alleged negligence in the construction or equipment of the engine, there would be no prima facie presumption of negligence unless plaintiff first introduced evidence showing that the fire was set out and caused by a spark emitted from the engine. L. & N. v. Malone, 109 Ala. 509, 20 So. 33; Southern Ry. Co. v. Dickens, 161 Ala. 144, 49 So. 766; Knowlton v. Central of Ga. R. Co., 192 Ala. 456, 68 So. 281; Miller-Brent L. Co. v. Douglas, 167 Ala. 286, 52 So. 414; Deason v. A. G. S., 186 Ala. 100, 65 So. 172. Charge 2, requested by defendant, correctly states the law, and its refusal was error. L. & N. v. Reese, 85 Ala. 497, 5 So. 283, 7 Am. St. Rep. 66; Farley v. M. & O., 149 Ala. 557, 42 So. 747; L. & N. v. Marbury, 132 Ala. 520, 32 So. 745, 90 Am. St. Rep. 917. Likewise of charges 8 and 9. Tinney v. Central of Georgia, 129 Ala. 523, 30 So. 623; Payne v. Hargrove, supra; Southern Ry. Co. v. Everett, supra.

W. O. Mulkey, of Geneva, and Farmer, Merrill & Farmer, of Dothan, for appellee.

There was no error in refusing to allow defendant to question plaintiff as to his statements in answers to interrogatories; the purpose to impeach was not brought to the attention of the court, the proper predicate was not laid, and the deposition was not offered. B. R. L. & P. Co. v. Bush, 175 Ala. 49, 56 So. 731; Gunter v. State, 83 Ala. 96, 3 So. 600. At any rate, the entire deposition was later introduced, and, if there was error in the first instance, it was not preju-

dicial to defendant. Portsmouth Cot. O. Co. v. Madrid, Cot. O. Co., 200 Ala. 634, 77 So. 8; Johnston v. Warrant W. H. Co., 211 Ala. 165, 99 So. 920. The proffered testimony of the dispatcher and the train record were hearsay and inadmissible. M. & O. v. Borden Coal Co., 19 Ala. App. 481, 98 So. 315; Loveman v. McQueen, 203 Ala. 280, 82 So. 530; Floyd v. Pugh, 201 Ala. 29, 77 So. 323. The question propounded by plaintiff on cross-examination of witness Babb was relevant and admissible. B. R. L. & P. Co. v. Martin, 148 Ala. 8, 42 So. 618. However, the objection to it was general and the answer favorable to defendant, and there was no error. Circuit Court Rule 33; Sup. Ct. Rule 45. When a specific ground of objection to testimony is interposed, all other grounds are waived. Lester v. Jacobs, 212 Ala. 614, 103 So. 682. The complaint does state a cause of action. Tombigbee V. R. Co. v. Howard, 185 Ala. 612, 64 So. 338. Under the counts alleging general negligence, the prima facie case was made out, and the prima facie presumption arose. Hence the affirmative charge for defendant was properly refused. A. G. S. v. Loveman, 196 Ala. 683, 72 So. 311. Charge 2 does not correctly state the law. L. & N. v. Stanley, 186 Ala. 95, 65 So. 39; Horton v. L. & N., 161 Ala. 107, 49 So. 423. Before the court will review the refusal of requested charges, all the charges given must be set out in the record proper. Gay v. Taylor, 208 Ala. 376, 94 So. 473. Refused charge 4 is erroneous. Douglass v. C. of G., 201 Ala. 395, 78 So. 457. Charge 3 is involved and argumentative. Charge 6 is bad. Horton v. L. & N., 161 Ala. 107, 49 So. 423; Charges 7, 8, and 9 are not correct. L. & N. v. Davis, 200 Ala. 219, 75 So. 977; Turner v. A. & St. A. B., 197 Ala. 169, 72 So. 388. The motion for new trial will not be considered. Grace v. Old Dominion Garment Co., 213 Ala. 550, 105 So. 707.

THOMAS J. The suit was for fire damage to a building by a passing engine. The assignments of error are treated in the order of presentation by counsel.

[1] The plaintiff, as a witness, having testified: "That is my signature to that paper, I swore to that paper," was asked the following question: "Didn't you state in this paper that you did not know what time the fire occurred?" The bill of exceptions contained the statement that the paper exhibited was the answers of the plaintiff to interrogatories propounded to him by the defendant. The court having sustained the objection of the plaintiff, defendant's counsel stated:

"'It is the answer to the interrogatories,' and asked the witness the following question: 'I am going to ask the question, if you did not state under oath, on the 13th day of September, 1924, that you did not know what time of the night the fire occurred, but saw the fire from your home about 1 or 1:30 o'clock in the morning. I am asking if you did not swear that?' To this question the plaintiff duly objected, unless defendant introduces it. (Stating) if defendant introduces it, it is all right. The court sustained the objection, and to its action in so doing, defendant there and then duly excepted."

The record fails to show that the defendant stated to the court that the purpose of the evidence sought was that of impeachment. Birmingham R. L. & P. Co. v. Bush, 175 Ala. 49, 57, 58, 56 So. 731; Gunter v. State, 83 Ala. 96, 106, 3 So. 600; Wills v. State, 74 Ala. 21.

[2, 3] The court is not required to search for grounds of admissibility when the same is not limited. Lester v. Jacobs, 212 Ala. 614, 103 So. 682. It may be further noted that the entire deposition, under the rule, should have been shown or read to him (Wills v. State, 74 Ala. 21; Phœnix Ins. Co. v. Moog, 78 Ala. 310, 56 Am. Rep. 31; Floyd v. State, 82 Ala. 22, 2 So. 683; Carden v. State, 84 Ala. 420, 4 So. 823), which was not done, though not made the ground of objection. (Shelby Iron Co. v. Morrow, 209 Ala. 116, 95 So. 370). Later in the trial the deposition and answers were introduced in evidence, and thus the appellant had the opportunity of argument of contradiction or impeachment, if such were presented by the witness' deposition and oral testimony. And if the ruling was error, it was without injury and not an error on which a reversal may be rested. Johnston v. Warrant Warehouse Co., 211 Ala. 165, 99 So. 920; Portsmouth, etc., Co. v. Madrid, etc., Co., 200 Ala. 634, 77 So. 8.

[4] The witness Williams, having testified for the plaintiff, was cross-examined about a contrary statement made and signed at the still in the presence of Joe Ingram, Saunders, and McGehee, as to his and Joe Ingram's actions and whereabouts on the night of the fire, and as to what he did or did not state to said persons or in their presence when the paper later introduced in evidence was signed. The plaintiff had the right to prove the whole conversation, including the preliminary statements of Joe Ingram to the witness. Gibson v. Gaines, 198 Ala. 583, 73 So. 929.

[5] The defendant called as a witness Mr. Casey, who testified that—

He was "'Chief train dispatcher with the Central of Georgia Railroad Company, on December 31, 1923. I have got the telegraphic records of the movements of passenger trains and freight trains between Dothan and Lockhart on that night.'

"Counsel for defendant then propounded the following question to the witness: 'I will ask you to refer to your record and tell the court and the jury what passenger train, or trains of any description, passed Scranton in Geneva county during that night.' Plaintiff objected to the question, on the ground that the witness did not make the records himself.

"Then counsel for defendant propounded to

the witness the following question, 'Did you make the record, Mr. Casey?' The witness then answered, 'No, not personally.' And then testified: 'I saw it made. I know it is correct. It was made under my supervision.' The plaintiff objected to the question, and the court sustained the objection made by plaintiff, and to its action in so doing the defendant then and there duly excepted.

"The witness further testified: 'The train dispatcher directs all the movements of the trains, makes a record of what we call the train sheet of trains as they pass each telegraph office, from the time it leaves the initial terminal until it arrives at final destination. The train dispatcher is in touch with the location and movement of trains from the time it gets in operation till it reaches its destination, at all times. I get that on wire. Keep in touch with it on the wire. That is the business of the train dispatcher. I know the number of the train that went down on December 31, 1923, and passed Scranton about 9 o'clock. The number of the engine is 1556.'

"Counsel for defendant then propounded to the witness the following question: 'Did any other train pass Scranton, going either way, that night, after 9 o'clock?' To this question the plaintiff objected, and asked permission of the court to ask the witness, the answers to which were as follows: 'My record was made up from reports coming to me, or to the dispatcher, from the various telegraphic stations on the road, and that is the way I get it. Personally I don't know anything about it, except I put down what they say, over the wire. In this case, I did not put it down, but somebody in the office did. I personally received the information over the wire from which this record was made. It is done under my supervision; I mean that I give directions generally—I was chief—to have this done. I give general instructions, and in that way this was made up.'

"Then counsel for defendant stated, 'We insist on the question whether or not any train passed Scranton that night after 9 o'clock.' The court sustained the objection of the plaintiff, and to its action in so doing the defendant then and there duly excepted."

[6] In this ruling there was error. It was a part of the res gestæ of the business of operation of defendant's trains on the date indicated, being that of the fire. The limited ground of the objection was that the witness did not make the record himself. However, the witness testified that he saw the record made and knew it to be correct. Moreover, the questions as framed would have authorized Casey to refresh his recollection from the memorandum if he could, and then testify, if so refreshed, to the state of facts as he may remember. The general rule as to memoranda and the right of consultation thereof need not be restated. Oden-Elliott Lumber Co. v. Daniel-Gaddis Lumber Co., 210 Ala. 582, 98 So. 730; Byars v. James, 208 Ala. 392, 94 So. 536; Floyd v. Pugh, 201 Ala. 29, 33, 77 So. 323; J. H. Burton & Sons Co. v. May, 212 Ala. 435, 103 So. 46; Ala. Trunk & Luggage Co. v. Hauer, 214 Ala. 473, 108 So. 339; Singleton v. Doe ex dem. Smith, 184 Ala. 199, 63 So. 949; Birmingham R. L. & P. Co. v. Seaborn, 168 Ala. 658, 53 So. 241; Acklen v. Hickman, 63 Ala. 494, 35 Am. Rep. 54; Bondurant v. State Bank, 7 Ala. 830.

[7] The train record was competent, it being shown to be true and correct, as made up under the supervision of the dispatcher in the due course of and in line with the performance of his duties, and appears to be trustworthy on its face and under the predicate therefor. The rule in the premises is stated in Floyd v. Pugh, 201 Ala. 29, 33, 77 So. 323; Sharp v. Blanton, 194 Ala. 460, 69 So. 889; Shirley v. Southern R. Co., 198 Ala. 102, 109, 73 So. 430; Monk v. Stuart, 204 Ala. 562, 86 So. 529; Foster & Rudder v. Smith, 104 Ala. 248, 16 So. 61; 1 Greenleaf, Ev. (16th Ed.) 120; 2 Wigmore, Ev. 1521, 1530; 4 Chamberlayne, Ev. § 3058.

The distinction between the shop book rule of the common law and that grounded on the necessities for the introduction of business entries made in due course was adverted to in Monk v. Stuart, 204 Ala. 562, 86 So. 529; Moundville Lumber Co. v. Warren, 203 Ala. 488, 83 So. 479; Sharp v. Blanton, supra; Shirley v. Southern R. Co., supra; Loveman, Joseph & Loeb v. McQueen, 203 Ala. 280, 82 So. 530.

[8] The train record offered was admissible, and there was error in its exclusion, unless cured by the statement of the witness that it was his business as train dispatcher to know and direct movements of engines and trains at the time and point indicated; that he knew "the number of the train that went down on December 31, 1923, and passed Scranton about 9 o'clock; and that the number of the engine is (was) 1566." The evidence for the plaintiff further shows that said passenger train due at or about said point about 9 o'clock was the one that caused the fire of plaintiff's building or plant. The evidence further tended to show that said engine of the defendant was that pulling the train passing Scranton about 9 o'clock and was emitting sparks in unusual size and quantities, etc. Since there is no dispute as to the identity of the engine pulling said train, or of its time of passage of Scranton or the plaintiff's place, the foregoing ruling was without error to reverse.

[9] The question to witness Babb, on cross-examination, to which objection was made and exception taken to the ruling of the court, was rendered without injury by his negative answer, based as it was upon his "knowledge and experience." It is therefore unnecessary to further consider Louisville & N. R. Co. v. Reese, 85 Ala. 497, 5 So. 283, 7 Am. St. Rep. 66; Louisville & N. R. Co. v. Marbury Lumber Co., 132 Ala. 520, 524, 32 So. 745, 90 Am. St. Rep. 917; Sherrill v. Louisville & N. R. Co., 148 Ala. 1, 44 So. 153; Id., 152 Ala. 222, 44 So. 631; Farley v. M. & O. R. Co., 149 Ala. 557, 42 So. 747; Southern R. v. Stonewall Ins. Co., 177

Ala. 327, 335, 58 So. 313, Ann. Cas. 1915A, 987; and the cases of Birmingham R. L. & P. Co. v. Martin, 148 Ala. 8, 42 So. 618; Horton v. L. & N. R. Co., 161 Ala. 107, 112, 49 So. 423; Alabama Great Southern R. Co. v. Davenport & Co., 195 Ala. 368, 70 So. 674; Douglass v. Central of Ga. R. Co., 201 Ala. 395, 78 So. 457.

[10] The objection to the question to J. D. Wilson, set out in the bill of exceptions, was:

"Whether or not, some time about two weeks after the fire, and before you had any idea how it caught, Joe Ingram went to you and told you, in substance, that he knew how it caught, that he knew, and that the reason he had not told you was that he was afraid you would not like it because he did not do his duty by putting it out. Defendant objects to the question, on the grounds: First, because, it was inadmissible; second, because it was immaterial; third, because it was illegal; fourth, because it was irrelevant; and fifth, because it did not prove or tend to prove any issues involved in this case. The court overruled the objection of the defendant, and to its action in so doing the defendant then and there duly and legally excepted. Then, the witness answered, 'That is the substance of what he said.' The defendant then moved to exclude the answer from the jury and assigned the same grounds in support of the motion that it offered of its objection calling for the answer or evidence."

[11] The ground assigned was because of an insufficient predicate. Specific grounds waive all others, and the court will not be put in error on grounds not assigned. Lester v. Jacobs, 212 Ala. 614, 103 So. 682; Oden-Elliott Lumber Co. v. Daniel-Gaddis Lumber Co., 210 Ala. 582, 587, 98 So. 730; Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158. Moreover, the predicate was laid for the substance of the question (Birmingham & A. R. Co. v. Campbell, 203 Ala. 296, 82 So. 546) when Joe Ingram was on the stand saying:

"It isn't a fact that about two weeks after this fire occurred that I myself went to Mr. Wilson, and told him that I thought I knew something about the fire. The reason I went there and thought I put it out, and that the reason I did not mention it to him, was because I was afraid that he would think I did not do my duty in putting it out. No, sir; I don't know anything about that."

No demurrers were filed to counts 1, 2, or 3 of the complaint. They state a cause of action. Tombigbee V. R. Co. v. Howard, 185 Ala. 612, 614, 64 So. 338; Louisville & N. R. Co. v. Smith, 163 Ala. 141, 50 So. 241; Alabama Great Southern R. Co. v. Loveman Compress Co., 196 Ala. 683, 72 So. 311. The gist of count 2 is thus stated:

" * * * Said property was damaged or destroyed by fire which was caused by sparks emitted from the engine or locomotive run or operated by the defendant aforesaid; and plaintiff alleges that said fire was communicated from said engine or locomotive to the said property of the plaintiff through the negligence of the defendant, its servants or agents, as a

proximate consequence of which plaintiff's said property was damaged or destroyed as aforesaid."

And in count 3 it is averred that the defendant negligently caused or allowed said above-described property to be damaged or destroyed by means of a fire communicated from, or by means of, said locomotive. In Louisville & N. R. Co. v. Smith, 163 Ala. 141, 142, 151, 152, 50 So. 241, it was held that a count worded as in count 3 "stated a cause of action," and that proof of the fact of the fire from and by a locomotive was communicated to the adjacent property was an evidential presumption that may be indulged in a breach of duty on the part of the railroad company to said property owner so damaged. The count of the complaint in L. & N. R. Co. v. Smith, supra, and that in the instant case, alleged a negligence sufficiently broad to cover negligence in the operation or equipment or construction, while that in Tinney v. Cent. of Ga. Ry. Co., 129 Ala. 523, 30 So. 623, was that the passing train of cars "was so carelessly and negligently operated that sparks, etc., by reason of carelessness and negligence in operating its said train, the plaintiff has sustained the aforesaid damages." It was held in the absence of averment:

"In the complaint of any defect in the locomotive, or want of proper appliances on the locomotive to prevent the escape of sparks in dangerous quantities or of dangerous size, the plaintiff is not entitled to recover upon the bare proof that the fire which destroyed his property was caused by sparks emitted from a passing engine; and the giving of the general affirmative charge for the defendant upon such proof alone is free from error."

In Tombigbee Valley R. Co. v. Howard, 185 Ala. 612, 614, 64 So. 338, it was declared, on the authority of L. & N. R. Co. v. Smith, supra, that—

"In this class of cases a general averment of negligence in the operation, construction, or equipment of a locomotive then in use on the defendant's railroad, whereby the damage alleged is proximately caused, meets all the conditions of good pleading, in this state, in such cases."

Count 2 in the instant case is as count 3 in Ala. Great Southern R. Co. v. Stewart, 15 Ala. App. 466, 73 So. 827, where it is declared:

"Where the action was against a railroad for negligence in setting out fire, an allegation that said fire was communicated from said engine or locomotive to said property through the negligence of the defendant, its servants or agents, is sustained by showing negligence either in the construction, equipment or operation of the locomotive, or in not keeping the roadbed free from inflammable substances liable to be ignited by passing engines."

[12; 13] The burden was upon the plaintiff to prove that the fire was communicated to his property by sparks emitted from the en-

gine, and under the general averment of negligence the prima facie presumption arose and was sustained by proof of negligence of construction, equipment, or operation. In Tinney's Case, we have indicated that the complaint alleged negligent operation only (such was the count in Payne v. Hargrove, 206 Ala. 69, 89 So. 166). Where the presumption arising from the ordinary prima facie case could be referable to equipment or construction, as well as negligent operation, it followed that under the instant counts, which allege general negligence, the prima facie case is made out, and the presumption arose, and the affirmative charges requested, properly refused.

In Alabama Great Southern R. Co. v. Loveman Compress Co., 196 Ala. 683, 687, 688, 72 So. 311, 313, Mr. Chief Justice Anderson said:

"We do not think that count 2 of the complaint in the case at bar is similar to count 1, discussed in the opinion in the case of Tinney v. Central of Ga. R. Co., 129 Ala. 523, 30 So. 623. There the negligence charged as causing the fire was in the operation of the train, and as the fire may have been caused as a result of the defective equipment or construction of same, proof of the fire by the locomotive did not make out a prima facie case under a charge of but one of the alternative causes, for the fire may have resulted from the cause not charged. That is the defect in the equipment or construction. Here count 2 is much broader than the one discussed in the Tinney Case. It charges that the servants and agents, etc., 'negligently set fire to and destroyed' the property, etc. This count was broad enough to cover a negligent burning, whether resulting from the operation and handling of the locomotive or from a defective construction or equipment of same, and proof that the fire was caused by sparks from said locomotive make out a prima facie case for the plaintiff, and cast the burden upon the defendant of overcoming this presumption by proving, not only a proper equipment and construction of the locomotive, but that it was properly and skillfully operated, and it was a question for the jury, both as to the origin of the fire as well as the equipment, construction, and operation of the locomotive."

This rule was applied in Wilson Bros. v. Mobile & O. R. Co., 207 Ala. 171, 174, 92 So. 246. In Southern R. Co. v. Everett, 211 Ala. 61, 99 So. 82, the fire started on the right of way, and it was pointed out that the question of negligence in equipment or operation of the locomotive is immaterial as affecting an alleged liability for "negligence in permitting dry and combustible materials to accumulate and the fire to escape."

There was no error in refusing the affirmative instruction requested under the pleading, and the adverse inferences that may have been drawn from the evidence. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

[14] Refused charges 2 and 7 were in the conjunctive, and sought to place upon the plaintiff burden of showing more than was required by law; it being only to show that sparks of (1) unusual size were emitted by the engine, or of (2) unusual quantities, or were thrown (3) an unusual distance by the engine. Either one will suffice if it proximately results in the damage for which complaint is made. Louisville & N. R. Co. v. Davis, 200 Ala. 219, 220, 75 So. 977; Louisville & N. R. Co. v. Stanley, 186 Ala. 95, 98, 65 So. 39; Louisville & N. R. Co. v. Bouchard, 190 Ala. 157, 67 So. 265; Wilson Bros. v. M. & O. R. Co., 207 Ala. 171, 92 So. 246. These charges were properly refused.

[15, 16] Refused charge No. 4 is not based upon the evidence (Walls v. Decatur Fertilizer Co. [Ala. Sup.] 111 So. 214,[1] and sought to direct a verdict for the defendant on hypothesis of the proper equipment and ignored that of a proper operation (Douglass v. Cent. of Ga. R. Co., 201 Ala. 395, 396, 78 So. 457; Horton v. L. & N. R. Co., 161 Ala. 107, 113, 49 So. 423).

[17, 18] Refused charges 3 and 5 were argumentative and sought to single out the evidence and give undue prominence to portions of the evidence and not error to refuse. Miller v. Whittington, 202 Ala. 406, 411, 80 So. 499.

[19] Refused charge 6 is not based upon the evidence; whether good or bad, was covered by oral charge. Walls v. Decatur Fertilizer Co., and authorities there cited.

[20] Defendant's charge 8 was properly refused. The counts were prima facie sustained by showing the fire was caused by sparks from defendant's engine, whereupon the burden was cast upon the defendant of going forward with the evidence, by showing proper construction, equipment, and operation. The latter burden was sought to be placed by the charge upon the plaintiff. Under the pleading and evidence, it rested upon the defendant, and was covered by oral charge; as was also refused charge 9. Moreover, the subject and principles of law involved were duly covered by the oral charge.

No given charges are contained in the record, if such there were. The record proper contains the statement of "given and refused charges," followed only by the setting out in extenso the refused charges. For aught the record shows, charge 9 was also covered by a given charge, and for such reason, if such it was, the refusal by the trial court was justified.

[21] That part of the motion for a new trial, rested upon other questions than that the verdict was against the great weight of the evidence, has been discussed. We have carefully considered the whole evidence and will not disturb the verdict, under the rule obtaining in this jurisdiction. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738; N. C. & St. L. Ry. Co. v. Crosby, 194 Ala. 338, 70 So. 7. The case of Alabama Great Southern R. Co. v. Demoville, 167 Ala. 292, 303, 309, 52 So. 406, is in point as to the time that elapsed

---

[1] Ante, p. 426.

after the passing of the train and the fire several hours later. The motion for a new trial is incorporated in the record proper and no mention thereof, ruling thereon, or exception thereto is contained in the bill of exceptions, and that ruling is not presented for review. Section 6088, Code of 1923; Grace v. Old Dominion Garment Co., 213 Ala. 550, 105 So. 707; Pacific Fire Ins. Co. v. Burnett, 212 Ala. 287, 102 So. 214; Dukes v. State, 210 Ala. 442, 98 So. 368; Aken v. Chancy, 207 Ala. 523, 93 So. 408; Stover v. State, 204 Ala. 311, 85 So. 393; Newell Const. Co. v. Glenn, 214 Ala. 282, 107 So. 801; Grand Bay Land Co. v. Simpson, 202 Ala. 606, 81 So. 548; Powell v. Folmar, 201 Ala. 271, 78 So. 47; Ex parte Gay, 213 Ala. 5. 104 So. 898; Shaw v. Knight, 212 Ala. 356, 102 So. 701.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.